■ FIRST WESTCHESTER NATIONAL BANK et al., as Trustees under the Will of ANNA L. BISLAND, Deceased, on Behalf of Themselves and All Other Stockholders of Kensington Plaza Garages, Inc., Similarly Situated, Appellants, v. ARTHUR S. OLSEN et al., Respondents.— In a derivative stockholders' action *inter alia* to enjoin conversion and waste of assets of a close corporation, plaintiffs appeal in certain respects from a final judgment of the Supreme Court, Westchester County, entered December 4, 1964 upon (1) an interlocutory judgment of said court entered April 2, 1963 which *inter alia* appointed a Special Referee to take and state the individual defendants' accountings and to hear and report thereon and (2) an order of said court entered September 28, 1964 which confirmed the report of the Referee. The final judgment *inter alia* (1) directed the individual defendants Olsen and George to account to the corporation for special salaries and bonuses which they took from the corporation from January 1, 1957 to November 30, 1959, with credit to be allowed them in stated amounts for 1957, 1958 and the first 11 months of 1959, representing the reasonable value of their services to the corporation in excess of their regular annual salaries of $6,000 each, and (2) fixed the reasonable value of the services of the individual defendants and another person in operating a partnership on certain premises during the four years commencing December 1, 1959 and the reasonable value of the individual defendant Olsen's services for the corporation from December 1, 1959 to May 26, 1964. The appeal is from (1) the entire final judgment except so much thereof as incorporated and reiterated the provisions of the interlocutory judgment, (2) the alleged failure of the judgment to conform to the provisions of the interlocutory judgment and (3) the failure of the judgment to award a counsel fee for services rendered by plaintiffs' attorney to the corporation in maintaining the action. Final judgment, insofar as appealed from, modified, on the law, by striking out (1) the sixth ordering paragraph, which fixes the reasonable value of defendant Olsen's services from December 1, 1959 to May 26, 1964, the date of the Referee's report, and (2) so much of the fourth ordering paragraph as, in finding value of services in operating the partnership for the four years commencing December 1, 1959, includes a period of time subsequent to April 2, 1963, the date of entry of the interlocutory judgment. As so modified, judgment remitted to the Special Term, without costs, for the purpose of (1) making additional findings setting forth (a) the precise amounts of the special salaries and bonuses received by defendants Olsen and George from corporate moneys for the 35-month period commencing January 1, 1957, and (b) the amounts of the profits in operating the partnership up to and including April 2, 1963, if any, which should be paid over to the corporation, and (2) the entry of an appropriate amended judgment in the light of and in accordance with all of the findings and the views herein stated. This court has not considered the facts insofar as they may relate to the issues upon the remission. Although findings of the court leading to the making of the interlocutory judgment show generally the amounts of the special salaries of Olsen and George, it is essential that these amounts be set forth exactly, together with the amounts of the wrongful bonuses, so that the reasonable value of their services in excess of $6,000 per annum each may be deducted therefrom in order to determine the amounts, if any, which remain of the special salaries and bonuses to be repaid to the corporation. So, too, a determination for the corporation and against the individual defendants should be made setting forth the amount of the net profits of the partnership from December 1, 1959 to April 2, 1963, if any, after taking into consideration, as one factor, the amount of the reasonable value of the services of the partners. In our opinion, the findings of the court