Bergan, J.
This case is concerned with the area of review appropriate to an appeal taken to the Court of Appeals pursuant to subdivision (d) of section 5601 of the CPLB from a final judgment entered upon a prior nonfinal order of the Appellate Division which ‘ ‘ necessarily affects ’ ’ the final judgment appealed from.
On such an appeal the “ scope of review ” extends only to the nonfinal determination of the Appellate Division (CPLB 5501, subd. [b]), The reason for this limitation, obviously, is that there has been no Appellate Division review of the final judgment and this court should not review it in the first instance.
Some aspects of the procedural problem raised by this appellate mechanism were considered in Buffalo Elec. Co. v. State of New York (14 N Y 2d 453). The present appeal brings up other aspects, including the question of when it serves a useful purpose to an appellant to pursue this method of appeal in view of the alternative which an appellant has of reviewing the intermediate Appellate Division order here after he has reviewed the final judgment in the Appellate Division and has had the benefit of an Appellate Division decision on both the intermediate and final questions.
For it is a clear alternative presented by subdivision (d) of section 5601 that the nonfinal order of the Appellate Division is reviewable on an appeal from an order of the Appellate Division “ which finally determines an appeal ” to that court from a “final judgment ” as well as from the final judgment itself. (See, e.g., Defler Corp. v. Kleeman, 18 N Y 2d 797.)
*347 Therefore, a party aggrieved hy a nonfinal order of the kind made appealable by subdivision (d) of section 5601, which “ necessarily affects” a final judgment may find it advisable under some circumstances to appeal to this court from the final judgment; and in others, it may be preferable first to review the final judgment in the Appellate Division and then review the prior nonfinal order in an appeal from the order which reviews that final judgment.
The possibility could exist that the latter order, if there were modification, reversal or a division in the Appellate Division, might also be separately reviewable and hence also bring up the prior nonfinal order; but whether the final determination of the Appellate Division be separately reviewable or not, the prior nonfinal order would, in any case, be reviewable under the mechanism of subdivision (d) of section 5601.
In the present appeal plaintiffs, as trustees for minority stockholders of the Kensington Plaza Garages, Inc., a close corporation, maintain a stockholder’s derivative action to enjoin waste and to require an accounting to the corporation by majority stockholders.
The claim is that for a period between January 1, 1957 and November 30, 1959 defendants Olsen and George, who owned two thirds of the corporate stock, took excessive salaries and bonuses from the corporation; and since December 1, 1959 these defendants, in breach of duty as corporate officers and directors, and defendant Kolesar formed a partnership which wrongfully took over both the leased premises of the corporation and its business.
The court at Special Term found in an interlocutory judgment that there had been a breach of duty to the corporation by these officers; imposed a trust on the business conducted by the partnership ; directed an accounting to the corporation; found that the salaries and bonuses paid to the defendants Olsen and George while working for the corporation were, in effect, excessive; and directed an accounting. It allowed these officers, however, credit for the amounts they showed were the ‘ ‘ reasonable value of services rendered by them ”.
This accounting was sent by the court to a Special Referee, who found the amount of the reasonable value of the services of Olsen and George to the corporation from January 1, 1957 to *348 November 30,1959; and found, additionally, the value of services to the partnership of these defendants and defendant Kolesar from December 1, 1959 to November 30,1963.
It is unnecessary for the purpose of this appeal to break down these amounts. It is enough to say that the amounts found due from defendants were a relatively small part of the plaintiff’s claim. The report of the Referee was without change reflected in a final judgment entered at Special Term, which accepted the Referee’s findings.
Plaintiffs' appealed to the Appellate Division from that judgment stating, as they also argue here, that the Referee had, in effect, departed from the spirit of the interlocutory judgment directing an accounting and, in effect, had reversed the interlocutory judgment requiring an accounting.
On that appeal the Appellate Division modified and, as modified, affirmed the final judgment. This order has become the subject of the present appeal by plaintiffs. The modification consisted of remitting the case to Special Term to find the “ precise amounts of the special salaries and bonuses ” paid by the corporation to Olsen and George; and also to find “the amount of the profits, if any ’ ’, in operating the partnership “ which should be paid over to the corporation ”.
The Referee had made no finding on either of these1 items and it would seem reasonable for an adequate adjudication that such findings be expressed. The order of the Appellate Division also struck out all findings of the value later than the date of entry of the interlocutory judgment.
A fair construction of the order of the Appellate Division suggests that the court confirmed the direction that defendants account to the corporation and approved the basis of accounting for the period of corporate employment of Olsen and George as between the fair value of the services rendered by them to the corporation and the amounts paid; but because the Referee had not found the actual amounts paid, additional findings on this subject were required to be made on remission.
The court also approved the finding that the taking over of the premises which the corporation had rented and the continuance of its business by officers and stockholders in a new individual partnership enterprise was a breach of trust and *349 incurred a form of trustee obligation to the corporation which required an accounting.
Although the Eeferee and Special Term had found the value of the services of the individual defendants to the partnership, the specified amounts which the partnership would be required to pay to the corporation were not spelled out and this was expressly required by the Appellate Division’s order, i.e., “ the amount of the profits, if any, * * * which should be paid over to the corporation ”.
No doubt there are cases where wrongdoers are not entitled to have any benefit for their services and efforts, but the rule operates on equitable principles. The controversy here, in all its aspects, is actually one between minority and majority stockholders and an error of law requiring reversal is not demonstrated by appellants addressed to the Appellate Division’s view that in accounting to the corporation the partnership’s reasonable and proper expenses be credited, including the value of services of the corporate officers.
What is the effect of the imposition of a “trust” in these circumstances depends on the ultimate equities involved and it may differ from case to case. The Appellate Division’s decision in this respect is not wrong as a matter of law. Its decision as to counsel fees lies within its discretion.
Since this order of the Appellate Division is plainly on its face not final and since we may review ‘ ‘ only ’ ’ that order on this appeal, the present review must be deemed limited to the correctness of the decision of the Appellate Division and cannot extend to the proceedings subsequent to that decision which culminated in the final judgment. Legal error requiring reversal has not been shown.
Plaintiffs appealed to this court from this nonfinal order of the Appellate Division on June 8, 1966. No final judgment had been entered at that time. When the case was argued on January 12, 1967 counsel were advised they were here on an appeal from a nonfinal order of which the court was without jurisdiction; but that this might be remedied if a final judgment were entered at Special Term and a direct appeal taken from that judgment.
Such a judgment was entered March 20, 1967 and a direct appeal taken here March 23, 1967. The court has jurisdiction *350 of this appeal pursuant to subdivision (d) of section 5601 of the CPLR, since the prior order of the Appellate Division 11 necessarily affects ’ ’ the final judgment.
Both appellants and respondents have now filed a “joint brief ” in which they address themselves to shortcomings of the final judgment at Special Term as well as to the order of the Appellate Division.
But plainly we may review ‘1 only the non-final determination of the appellate division” (CPLR 5501, subd. [b]) and the merits of the final judgment may not otherwise be reviewed on this appeal. A case such as this shows one circumstance when careful attention should be given to the special limitations on the scope of an appeal pursuant to CPLR 5601 (subd. [d]) read with 5501 (subd. [b]).
A prior nonfinal order may “necessarily affect” the final judgment but its review may not be adequately determinative of the questions of law in the case. Whether this special appeal mechanism is useful to the practice depends on the nature, from case to case, of the nonfinal order and the ultimate judgment.
The judgment should be affirmed, with costs.
Chief Judge Fuld and Judges Van Voorhis, Burke, Soileppi, Keating and Breitel concur.
Judgment affirmed.