Memorandum. Rogerson and Phelps Can Co., defendants in a complex litigation, have appealed both to this court and the Appellate Division from .a final judgment at Supreme Court. The litigation involved Rogerson’s self-dealing with an estate’s capital stock in Phelps while he served as executor. The appeal to this court is by direct appeal pursuant to CPLR 5601 (subd. [d]), seeking review of a prior order of the Appellate Division *753 which, inter alia, declared Rogerson and Phelps constructive trustees of the corporate stock and directed an accounting. The appeal to the Appellate Division is by way of cross appeal -to the bank coexecutor’s appeal from the final judgment, an appeal limited to the Supreme Court’s failure to retain jurisdiction to give further judgment for expenses incurred by it in the litigation.
Appellants filed a notice of appeal with this court on January 30, 1974 and notice of cross appeal with the Appellate Division on February 11,1974, from the final judgment at Supreme Court entered December 21,1973. The earlier intermediate Appellate Division order was entered January 15, 1970.
Tfie appeal should be dismissed by the CQurt sua sponte, unless, within 20 days of the order, appellants, Rogerson and Phelps, if they be so advised, abandon their cross appeal to the Appellate Division.
Dual reviews are generally not permitted (Knudsen v. New Dorp Coal Corp., 20 N Y 2d 875, 877). From a final judgment pursuant to the Appellate Division’s intermediate order, an aggrieved party may appeal directly to this court, or to the Appellate Division, but not to both courts. The remedies are mutually exclusive, and having appealed directly to this court, an appellant waives his right to challenge the proceedings at nisi prius pursuant to the intermediate determination (see 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 5601.21-5601.26; Cohen and Karger, Powers of the New York Court of Appeals, § 73, especially n. 23 and cases cited at p. 315 and n. 24, at p. 316). The present case is unlike Defler Corp. v. Kleeman (18 N Y 2d 797), a recognized exception to the rule, where, because two groups of defendants in the same action pursued separate routes of appeal involving the same principal substantive issue, one group was permitted to maintain appeals in both courts in order “ to preserve equality of remedy ” (Knudsen, 20 N Y 2d, at p. 877, supra).
The coexecutor, Manufacturers Hanover Trust, had appealed to the Appellate Division only from a limited part of the final judgment of Supreme Court, namely, for its expenses in prosecuting its claims against Rogerson and Phelps Can Co. That appeal does not bear on the broad appeal addressed to the declaration of a constructive trust which Rogerson and Phelps have lodged in both courts. Their cross appeal in the Appellate *754 Division includes an attack on so. much of the judgment as awarded lawyers ’ fees and expenses to the two banks, coexecutor and coguardian, respectively, and necessarily goes to the same substantive issues raised in the direct appeal to this court.
Appeal will be dismissed, without costs, by the Court of Appeals sua sponte unless within 20 days appellants Rogerson and Phelps Can Co., if they be so advised, serve upon respondents and file in this court a notice that they have abandoned their cross appeal to the Appellate Division, and stipulate for the withdrawal of that appeal, without costs (Knudsen v. New Dorp Coal Corp., 20 N Y 2d 875, supra; see 7 Weinstein-Korn-Miller, N. Y. Civ. Prac.; pars. 5601.21-5601.26; Cohen and Karger, Powers of the New York Court of Appeals, § 73, especially n. 23 and cases cited at p. 315 and n. 24, at p. 316).
Concur: Chief Judge Bbeitel and Judges Jasen, Gabbielli, Jones, Wachtleb, Rabin and Stevens.
Appeal dismissed, etc.