OPINION OF THE COURT
Memorandum.
The judgment of the Supreme Court appealed from and the resettled order of the Appellate Division brought up for review should be modified, with costs to defendant, by deleting provisions for dismissal of the complaint and by substituting therefor provisions declaring that plaintiff is not the owner, nor possessed of any right, title or interest held by defendant corporation in the consolidated mortgage, described in the original judgment of the Supreme Court, entered on May 8, 1981, and as so modified, affirmed.
The parties’ course of conduct indicated that the lender waived the time periods for repayment established under the original loan agreement and the option agreement. The latter provided that time was of the essence only as to the last payment due on September 1, 1980, which was a legal holiday. Thus, tender of both the June and final payments on September 2, 1980 was timely (see General Construction Law, § 25, subd 1). Under the circumstances of this case where the covenant was simply for the payment of money and plaintiff has shown no change in his position by the delayed tender of payment, equity may properly “intervene to prevent a forfeiture of a substantial interest despite a technical breach or omission by the holder of the interest” (see W. F. M. Rest. v Austern, 35 NY2d 610, 614; *881 Noyes v Anderson, 124 NY 175,179-181; Giles v Austin, 62 NY 486, 493). The Appellate Division properly cured any defect which may have existed in the method of tender by conditioning its order on the tender of payment again within 30 days of the entry of its order (see Geary v Dade Dev. Corp., 29 NY2d 457, 461-462).
In an action for declaratory judgment, where the disposition is on the merits, the court should make a declaration, even though the plaintiff is not entitled to the declaration he seeks. Thus, the Appellate Division erred here in authorizing dismissal of the complaint on the condition that defendant tender payment of $55,492.28 within 30 days (see Lanza v Wagner, 11 NY2d 317, 334, app dsmd 371 US 74). The appropriate relief was to declare that plaintiff was not the owner of the consolidated mortgage, subject to the same condition (see id.; Greschler v Greschler, 51 NY2d 368, 378).
On this appeal taken pursuant to CPLR 5601 (subd [d]), the only order before this court for review is the prior nonfinal order of the Appellate Division, entered October 5, 1982 (see CPLR 5501, subd [b]). Plaintiff argues that defendant’s method of tender did not satisfy the condition set forth in the Appellate Division’s order. As this involves circumstances occurring after entry of that nonfinal order, it is beyond the scope of this court’s review (see CPLR 5501, subd [b]; 5601, subd [d]; Matter of Board of Educ. v Nyquist, 31 NY2d 468, 472). This was properly a matter to be presented to the Supreme Court when defendant applied for a final judgment in its favor pursuant to the Appellate Division’s order. By choosing to appeal directly to this court from the Supreme Court judgment, plaintiff has waived review of the new matter (see Parker v Rogerson, 35 NY2d 751, 753; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C5601:6, pp 499-500). Review of the merits of the Supreme Court’s final judgment could have been obtained by taking an appeal to the Appellate Division (see First Westchester Nat. Bank v Olsen, 19 NY2d 342, 346-347).
By the same reasoning, defendant’s argument in this court regarding its right to recover payments under the collateral mortgage, that were collected by plaintiff since *882 entry of the Appellate Division’s order, is also beyond the scope of this court’s review on this appeal pursuant to CPLR 5601 (subd [d]). In addition, defendant may not obtain such affirmative relief when it has not appealed any order or judgment to this court.
Chief Judge Cooke and Judges Jasen, Jones, Meyer, Simons and Kaye concur; Judge Wachtler taking no part.
Judgment appealed from and resettled order of the Appellate Division brought up for review modified, with costs to defendant, in accordance with the memorandum herein and, as so modified, affirmed.