FRANK J. PARILLO, Respondent, v JOHN SALVADOR, JR., et al., Appellants. [714 NYS2d 812] —Peters, J. Appeal from an order and judgment of the Supreme Court (Moynihan, Jr., J.), entered August 12, 1999 in Warren County, which, *inter alia*, awarded damages to plaintiff.

Upon our prior review of this action concerning the ownership of contiguous waterfront property on Dunham's Bay on Lake George in Warren County, we modified an order of County Court by determining, *inter alia*, that plaintiff had acquired title to two docks located to the east of his property by adverse possession (248 AD2d 847, *lv dismissed* 92 NY2d 920, *lv denied*

94 NY2d 754), and remitted the matter of damages (*id.*, at 850). We also found that defendants had acquired ownership, by adverse possession, of two other docks located on the western portion of plaintiff's property (*id.*). Upon our subsequent denial of defendants' motions for reargument and permission to appeal to the Court of Appeals, a separate application was made to the Court of Appeals for leave to appeal. It was denied on the ground that this Court's order was nonfinal (92 NY2d 920).

In Supreme Court, plaintiff moved for, *inter alia*, an award of damages and for a declaration of the boundary line he acquired by adverse possession as a result of our decision. Therein, a survey of the proposed boundary line was proffered. Following failed attempts at settlement and the submission of proposed orders and conflicting damage calculations, the court, without a hearing, adopted the survey propounded by plaintiff and found that the fair market rental value of the docks totaled $5,400 per year, plus interest, for the years 1989 through 1997. Notably, while plaintiff had been a contract vendee for the years 1989 and 1990, thereafter acquiring possession in 1991, the court failed to particularize each annual award or otherwise describe the derivation of its $63,087.43 award. Defendants filed this appeal as well as a motion with the Court of Appeals for leave to appeal this Court's prior order which was now a part of a final judgment. In November 1999, the Court of Appeals denied the motion (94 NY2d 754) and defendants perfected this appeal.

Initially addressing whether defendants waived their right to appellate review of the issues decided in the final judgment by seeking a direct appeal of our prior nonfinal order to the Court of Appeals (*see,* CPLR 5602 [a] [1] [ii]; *Hirsch v Lindor Realty Corp.*, 63 NY2d 878, 881; *Parker v Rogerson*, 35 NY2d 751, 753; *see also*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5601:6, at 445-446), we note that when such course has been pursued and an appeal of the final judgment is pending before the Appellate Division, the Court of Appeals frequently dismisses the appeal, *sua sponte* (*see, Basil B. v Mexico Cent. School Dist.*, 94 NY2d 857; *City of New York v Stringfellow's of N. Y.*, 93 NY2d 916; *City of New York v 60 W. 119 Corp.*, 62 NY2d 799), at times conditioning such dismissal upon a withdrawal of the appeal to the Appellate Division (*see, e.g., Muka v State of New York*, 76 NY2d 769; *Fox Co. v Kaufman Org.*, 73 NY2d 947). As the Court of Appeals here simply denied defendants' motion for leave to appeal, we conclude that since such denial is "not equivalent to

an affirmance" (*Matter of Conservative Party v New York State Bd. of Elections*, 88 NY2d 998), a substantive review of the lower court's determination. which arose during the course of the remittal proceeding would not be contrary to the rule precluding dual review (*see, Parker v Rogerson, supra*, at 753).

Turning to the damage award of $63,087.43, we find Supreme Court's order to lack the specifications required by CPLR 5001 (c) since it fails to indicate the date from which interest was to be computed, the rate of interest to be applied or the manner in which it was to be applied. However, this record reveals undisputed evidence that the fair rental value of the docks was $5,400 per year for the years 1989 through 1997. Since plaintiff first took possession of the property in March 1991, we find that such date must serve as the benchmark from which the award and interest should commence (*see*, CPLR 5001 [b]). Further noting that the court was bound to apply the 9% statutory rate of interest (*see*, CPLR 5004) as this is an action involving an interference with title to property for which no other statutory rate has been prescribed (*see*, CPLR 5001 [a]; 5004; *cf., Rodriguez v New York City Hous. Auth.*, 91 NY2d 76), we conclude that despite the deficiencies in the order, there exists a sound basis for the court's calculation. Reflected in the revised damage calculation proposed by plaintiff pursuant to the court's directives, interest was properly calculated pursuant to CPLR article 50 from 1991 through 1997, with interest thereon accruing pursuant to CPLR 5002. For this reason, we decline to disturb the amount so awarded as well as any interest which might accrue subsequent to the entry of the final judgment (*see*, CPLR 5003).

Concerning any challenge to the property boundaries fixed by Supreme Court through the adoption of the survey proffered by plaintiff, we decline appellate review since defendants failed to properly challenge the submission at the trial level in connection with plaintiff's motion (*see, Gardner v Ryder Truck Rental*, 261 AD2d 505, 506). As to Supreme Court's failure to set the boundaries of the property acquired by defendants by adverse possession, we find the issue to be waived due to defendants' failure to so request such relief upon remittal.

Having reviewed and rejected all remaining contentions, we affirm the order and judgment.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order and judgment is affirmed, with costs.

█ Angela S. Rockhill, as Administrator of the Estate of John S. Rockhill, Sr., Deceased, Appellant, v Philip L. Pick-