■ PHILIP M. HALPERIN, Respondent, v TIKVA S. HALPERIN, Appellant. [722 NYS2d 876] —Order, Supreme Court, New York County (Walter Tolub, J.), entered December 22, 1999, which, inter alia, granted plaintiff's motion to confirm the referee's report, which recommended that child support not be increased and that the parties' pro rata obligations for college tuition and expenses be set at 58.3% for plaintiff and 41.7% for defendant, and awarded plaintiff $1,000 in attorneys' fees, unanimously

modified, on the law and the facts, to reduce defendant's pro rata share of college tuition and related expenses to 37% and to increase plaintiff's share to 63%, and to eliminate the award of attorneys' fees, and otherwise affirmed, without costs.

The court's order of reference properly limited the scope of inquiry at the hearing to whether the children's needs were still adequately being met by the child support paid by plaintiff pursuant to the parties' separation agreement (see, *Matter of Brescia v Fitts*, 56 NY2d 132). In the absence of the transcript of the hearing, the filing of which both parties waived, the court properly exercised its discretion in adopting the conclusion of the referee that no change in the total amount of child support was warranted (see, *Namer v 152-54-56 W. 15th St. Realty Corp.*, 108 AD2d 705).

We agree with defendant, however, that the referee's calculations with respect to the parties' respective pro rata shares of college tuition and related expenses were erroneous to the extent that child support payments received by defendant were included as income and projected 1999 income was utilized, rather than 1998 income.

In denying defendant's motion for counsel fees, the evidence before the court was sufficient for its evaluation of the respective financial circumstances of the parties, the merits of their positions and the value of the services rendered (see, *Blake v Blake*, 269 AD2d 339).

Under the present circumstances, no counsel fees should be awarded to either side.

We have considered defendant's remaining contentions and find them unavailing. Concur—Nardelli, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.