■ CITY OF NEW YORK et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. [726 NYS2d 560] —Order, Court of Claims of the State of New York (Alan Marin, J.), entered on or about October 14, 1999, which denied the municipal claimants' motion and defendant State's cross motion for summary judgment, unanimously affirmed, without costs.

The Court of Claims, relying on this Court's decision in *City of New York v Maul* (239 AD2d 225), correctly found that this action is properly before it (*see*, Court of Claims Act § 9 [2]), even though the subject so-ordered stipulation was originally before Supreme Court. The parties' so-ordered stipulation is not invalid for lack of approval by the State Comptroller; under the circumstances of this case, the so-ordered stipulation settling the prior action does not fall within the scope of State Finance Law § 112 (*cf.*, NY City Charter § 394 [c]). In any event, State Finance Law § 112 does not bar plaintiffs' claim for restitution, which is based on an obligation "independent of any promise" (*see, Rosefsky v State of New York*, 205 AD2d 120, 123-124). On the other hand, plaintiffs' contention that Supreme Court's determinations in the prior litigation should be accorded preclusive effect in this action is without merit. The Court of Claims properly declined to give collateral estoppel effect to the order and judgment or the underlying memorandum order vacated by this Court in *Maul* (*supra; see, Towne v Asadourian*, 277 AD2d 800, 801; *Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 39), and the competing contentions of the parties as reflected in the hearing transcript in *Maul* raise questions of fact that may not be summarily

resolved. Concur—Sullivan, P. J., Ellerin, Wallach, Rubin and Buckley, JJ.