■ NED S. CHURCH, an Infant, by WENDY SMITH, His Guardian ad Litem, et al., Respondents, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. [791 NYS2d 676]—

Mercure, J.P. Appeal from an order of the Court of Claims (Hard, J.), entered November 14, 2003, which denied defendant's motion to, inter alia, collaterally estop claimants from raising the issue of damages.

In this case, the sole issue before us is whether a jury verdict on damages that was not reflected in the final judgment entered in a prior related Supreme Court action, due to this Court's dismissal of the complaint upon an interlocutory appeal, collaterally estops claimants from relitigating the issue of damages in this Court of Claims action. We hold that it does not.

Claimant Ned S. Church, then nine years old, was rendered a quadriplegic as a result of a 1992 automobile accident that occurred when the driver of the vehicle in which he was a passenger fell asleep while driving on the New York State Thruway and the vehicle drifted off the right shoulder of the road, traveled down an embankment and crashed into a ditch. In the prior Supreme Court action, claimants alleged that a general contractor, subcontractor and engineering inspector that had been hired by defendant to install a guiderail system in the vicinity of the accident negligently performed their obligations under their respective contracts, thereby contributing to the infant claimant's injuries. The contractor and engineering inspector, along with two third-party defendants, entered into a settlement agreement in which they agreed to pay claimants a total of $8.75 million. The subcontractor, San Juan Construction and Sales Company, declined to settle and proceeded to trial, at the close of which a jury returned a verdict finding it

10% liable for the infant claimant's injuries and awarding damages of approximately $6.8 million. Although the clerk of the court entered the verdict (*see* CPLR 4112), neither party submitted a proposed judgment and Supreme Court did not order entry of judgment. Instead, claimants moved pursuant to CPLR 4404 (a) to set aside or correct the verdict, or for a directed verdict, on the ground that the jury improperly reported only 10% of the full amount of damages that it intended to award.

While that motion was pending, this Court reversed a prior Supreme Court order denying San Juan's motion for summary judgment upon an interlocutory appeal and dismissed the complaint against San Juan (*Church v Callanan Indus.*, 285 AD2d 16 [2001], *affd* 99 NY2d 104 [2002]). After claimants' initial appeal from our decision was dismissed by the Court of Appeals as nonfinal (*Church v Callanan Indus.*, 97 NY2d 638 [2001]), claimants submitted a proposed final judgment to Supreme Court that reflected the settlements, dismissed all cross claims and counterclaims for indemnification or contribution among defendants and third-party defendants, and—pursuant to this Court's order—dismissed the complaint against San Juan. Over San Juan's objection and at claimants' request in light of the pending motion to set aside or correct the verdict, the judgment that was entered did not reflect that a trial took place or that a verdict was rendered by the jury. Supreme Court continued to hold in abeyance claimants' motion to set aside or correct the verdict. The Court of Appeals then affirmed this Court's decision dismissing the complaint as against San Juan (*Church v Callanan Indus.*, 99 NY2d 104 [2002]) and claimants' postverdict motion was evidently never resolved.

Thereafter, this action in the Court of Claims, which had been conditionally dismissed pending the outcome of the Supreme Court action, was restored to the calendar. Defendant moved for summary judgment asserting that claimants were collaterally estopped from retrying the issue of damages in light of the jury's verdict in the Supreme Court action and claimants' receipt of a settlement in excess of the amount awarded therein. The Court of Claims denied defendant's motion and this appeal ensued.

There should be an affirmance. The equitable doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). The party seeking application of collateral estoppel bears the burden of showing that the decisive,

identical issue was "necessarily decided" in the prior action, while the party opposing application of the doctrine must demonstrate the absence of a full and fair opportunity to contest the prior determination (*see Buechel v Bain, supra* at 304). In determining whether an issue has been necessarily decided, it must be remembered that it is the judgment in the prior action that acts as a bar—" '[n]either the verdict of a jury nor the findings of a court in a prior action upon the precise point involved in a subsequent action . . . constitute a bar, unless followed by a judgment based thereon, or into which the verdict or findings entered' " (*Peterson v Forkey*, 50 AD2d 774, 774-775 [1975], quoting *Rudd v Cornell*, 171 NY 114, 128-129 [1902]). Thus, when no order or final judgment has been entered on a verdict or decision, or when the judgment is subsequently vacated, collateral estoppel is inapplicable (*see e.g. City of New York v State of New York*, 284 AD2d 255, 255 [2001]; *Towne v Asadourian*, 277 AD2d 800, 801 [2000]; *Ruben v American & Foreign Ins. Co.*, 185 AD2d 63, 65 [1992]; *Peterson v Forkey, supra* at 775).

Further, when a judgment or order is entered, a determination will generally not be given preclusive effect unless the resolution of the issue was "essential" to the decision rendered in the first action or proceeding (*see Ryan v New York Tel. Co., supra* at 500; *Hinchey v Sellers*, 7 NY2d 287, 293 [1959]; *cf. Malloy v Trombley*, 50 NY2d 46, 52 [1980]). That is, the finding must be one "from which the resolution of the ultimate legal issue necessarily followed" (*Hinchey v Sellers, supra* at 293) and "it must be the point actually to be determined in the second action or proceeding such that 'a different judgment in the second would destroy or impair rights or interests established by the first' " (*Ryan v New York Tel. Co., supra* at 501 [citation omitted]).

More fundamentally, preclusive effect is limited to only those "issues that were actually litigated, squarely addressed and specifically decided" (*Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826 [1990]). The question of whether a litigant had a full and fair opportunity to contest the prior determination on those issues requires a case-by-case analysis of the realities of the prior litigation, " 'including the context and other circumstances which . . . may have had the practical effect of discouraging or deterring a party from fully litigating the determination' " (*Ryan v New York Tel. Co., supra* at 501, quoting *People v Plevy*, 52 NY2d 58, 65 [1980]; *see Buechel v Bain, supra* at 304). Here, in light of the unique procedural circumstances of the Supreme Court action, it cannot be said that (1) the issue of

damages was specifically decided by Supreme Court in the prior action, (2) the resolution of the ultimate legal issues in that action depended on the verdict awarding damages or (3) claimants had a full and fair opportunity to contest the amount of damages awarded.

First, although the jury did return a verdict with respect to damages, that verdict remained subject to a pending CPLR 4404 (a) motion to correct or set aside the verdict, or for a directed verdict, at the time that this Court dismissed the complaint (*see Church v Callanan Indus.*, 285 AD2d 16, 27 [2001], *supra*). Contrary to defendant's argument, we perceive no error under CPLR 5016 (b) in the failure to enter a judgment on the jury's verdict prior to this Court's dismissal of the complaint on the interlocutory appeal. CPLR 5016 (b) contains no time limit for the entry of a judgment and, prior to our decision on the interlocutory appeal, Supreme Court was considering the pending CPLR 4404 (a) motion challenging the verdict (*see* Weinstein-Korn-Miller, NY Civ Prac ¶¶ 5016.03, 5016.08). Nor can we say that Supreme Court acted improperly in declining to address claimants' CPLR 4404 (a) motion once this Court decided the interlocutory appeal inasmuch as that motion was rendered academic by our decision dismissing the complaint as against San Juan. Because the motion was rendered academic prior to Supreme Court's resolution of the outstanding issues regarding damages, however, those issues were never fully litigated or actually decided by the court (*cf. Ross v Medical Liab. Mut. Ins. Co., supra* at 826).

Turning to the question of whether the verdict was essential to the resolution of the ultimate legal issue in the case, we note that not only was the verdict irrelevant to our decision in the prior action, but also that once this Court dismissed the complaint against San Juan, Supreme Court was powerless to enter a judgment fixing and awarding damages against that party. We emphasize that the dismissal of the complaint—which resolved the ultimate legal issues in the case and upon which the judgment in the prior action was based—depended in no way upon the verdict awarding damages. Therefore, in addition to the fact that the issue was never litigated to completion or expressly referenced in the judgment, it cannot be said that the issue of damages was necessarily decided in the prior action such that a judgment awarding damages in the present Court of Claims action would conflict with or impair rights established in

the first action (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 501 [1984], *supra*).*

Defendant's argument that the verdict should not be rendered a nullity by claimants' successful effort to exclude all references to the jury trial and verdict from the final judgment is misplaced. It was not any action on claimants' part that prevented Supreme Court from determining the issue of damages or that deprived the verdict of its preclusive effect. Rather, this Court's dismissal of the complaint against San Juan, coupled with the dismissal of all cross claims and counterclaims, in effect rendered the action final with respect to San Juan and "the action was accordingly considered, in contemplation of law, as if [the trial] had never . . . begun" (*Peterson v Forkey*, 50 AD2d 774, 775 [1975], *supra*). That is, it was the dismissal of the complaint prior to Supreme Court deciding the outstanding issues regarding the proper amount of damages to be awarded, as opposed to the litigation strategy pursued by claimants, that rendered the verdict a nullity and the doctrine of collateral estoppel unavailable for use by defendant (*see generally State of New York v Moore*, 298 AD2d 814, 815-816 [2002]).

Finally, with respect to claimants' opportunity to contest the amount of damages awarded in the verdict, defendant's assertion that claimants should and could have raised their objections to the amount of damages awarded in the verdict in an appeal to this Court from the final judgment, instead of appealing directly to the Court of Appeals upon the judgment, ignores the realities of the prior litigation. Although defendant is correct that a party may not simultaneously appeal both to the Appellate Division from a final judgment and to the Court of Appeals for review of a nonfinal order pursuant to CPLR 5601 (d) (*see Hirsch v Lindor Realty Corp.*, 63 NY2d 878, 881 [1984]; *Parker v Rogerson*, 35 NY2d 751, 753 [1974]), claimants had no opportunity or incentive to appeal to this Court regarding the is-

---

* In this regard, we note that the cases relied upon by defendant for the proposition that an alternate ground for the judgment may, in some circumstances, be entitled to preclusive effect even though the alternate ground is not technically essential to the judgment are distinguishable. In those cases, the issues with respect to which preclusion was sought were fully litigated, actually decided and, in one case, afforded thorough and careful treatment in an opinion of the court that made clear that the judge had the possible preclusive effect of the findings in mind (*see Malloy v Trombley*, 50 NY2d 46, 52-53 [1980], *supra*; *Lincoln v Austic*, 60 AD2d 487, 490 [1978], *lv denied* 44 NY2d 644 [1978]; *see also O'Connor v G & R Packing Co.*, 53 NY2d 278, 282-283 [1981]). Here, in contrast, the issue of damages was never fully litigated or necessarily decided in the prior action because claimants' CPLR 4404 (a) motion challenging the verdict was rendered academic by this Court's decision dismissing the complaint prior to Supreme Court's resolution of the motion.

sue of damages awarded against San Juan given the dismissal of the complaint and the fact that Supreme Court had not decided their CPLR 4404 (a) motion challenging the verdict. Because the final judgment properly reflected this Court's dismissal of the complaint and no damages were awarded as against San Juan, there were no issues regarding damages for this Court to review. That a judgment entered on the verdict would not have been subject to modification by Supreme Court or this Court once claimants appealed directly to the Court of Appeals in order to obtain review of this Court's order dismissing the complaint (*see* CPLR 4405; *Parker v Rogerson, supra* at 753) is not relevant. Inasmuch as claimants' CPLR 4404 (a) motion—which, we note, arguably had at least some support in the record—was never decided due to the unique procedural circumstances of the prior action and, therefore, judgment was *not* entered on the verdict, it cannot be said that claimants had a full and fair opportunity to contest the alleged error in the jury's award of damages (*see Brown v State of New York*, 9 AD3d 23, 26 [2004]). In sum, we agree with the Court of Claims that the doctrine of collateral estoppel has no application here.

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.