■ LEE ROSENBLOOM et al., Appellants, v NATHAN GURARY et al., Respondents. [873 NYS2d 582]—

Judgment, Supreme Court, New York County (Herman Cahn, J.), entered December 14, 2006, to the extent appealed from, finding, after a special referee's hearing to determine the validity of an accounting in a shareholders derivative action brought on behalf of the Luba Organization, Inc. (Luba), Nathan Gurary, Mordechai Gurary and Joseph Gurary (the Gurary defendants) jointly and severally liable to defendant Luba in the sum of $529,068.31, and bringing up for review the order, same court and Justice, entered on or about July 12, 2006, which denied plaintiffs' motion to reject, in part, and granted defendants' motion to reject, in part, the special referee's report and recommendations, unanimously affirmed, with costs.

The motion court, having found that the referee had clearly defined the issues, resolved matters of credibility, and made findings substantially supported by the record (*see Poster v Poster*, 4 AD3d 145, 145 [2004], *lv denied* 3 NY3d 605 [2004]; *Kaplan v Einy*, 209 AD2d 248, 251 [1994]), acted appropriately in adopting the conclusion of the referee's report as derived from the hearing, since the parties waived the filing of the transcript (*see Halperin v Halperin*, 282 AD2d 340, 341 [2001]).

Based on the evidence before it, the motion court properly

confirmed the referee's findings awarding surcharges for management fees, the payment to Tema Ltd., and the loan repayment to Eichenstein. The court also properly determined that the imposition of surcharges upon the corporate defendants was unwarranted, since there was insufficient evidentiary basis to join the Gurary defendants, who managed the Luba Corporation, a separate entity, with the corporate defendants in which the Gurary defendants also had an interest and from which they had borrowed money in order to prevent foreclosure of Luba's building. Finally, the motion court properly confirmed the special referee's findings disallowing additional surcharges in the amount of $1,048,000 for alleged rental expenses, repair and maintenance expenses, or decreases in rental income (*see* Business Corporation Law §§ 624, 714), and properly exercised its discretion in not awarding plaintiffs attorneys' fees (*see* Business Corporation Law § 626 [e]; *First Westchester Natl. Bank v Olsen*, 25 AD2d 661 [1966], *affd* 19 NY2d 342 [1967]). Concur—Tom, J.P., Moskowitz, Acosta and Freedman, JJ.