■ Rita Citrin, Respondent, v Baratta and Goldstein et al., Appellants. [880 NYS2d 4]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered February 13, 2008, which denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Following a five-day jury trial in a prior action alleging fraud and conspiracy against plaintiff Citrin and three codefendants, the jury reached a verdict in favor of the plaintiffs and awarded substantial compensatory and punitive damages. A motion by

Citrin for judgment notwithstanding the verdict was denied by the trial judge, who noted in his memorandum decision that the verdict had been supported by the evidence and also rejected Citrin's other claims, including conflict of interest based on the fact that the same attorney had represented her and a codefendant. Citrin, through a successor counsel, then settled the matter pursuant to a stipulation, so-ordered by the trial judge, who vacated his prior order "as it pertains to any and all liability against Rita Citrin, directly and/or indirectly, in law and/or based on equitable claims, including all findings of fact supporting such liability."

Citrin then commenced the instant action against her trial attorneys for legal malpractice and breach of contract, alleging a conflict of interest in their representation of both her and a codefendant in the prior action. Defendants moved to dismiss on the ground that Citrin was collaterally estopped from making this claim because of the trial judge's post-verdict order and memorandum decision.

The motion court correctly interpreted the trial judge's so-ordered stipulation as having vacated his own post-verdict decision in its entirety as it pertained to Citrin, including any finding with respect to conflict of interest (*see Church v New York State Thruway Auth.*, 16 AD3d 808, 810 [2005]; *Ruben v American & Foreign Ins. Co.*, 185 AD2d 63 [1992]). Furthermore, there was no identity of issues necessarily decided in the prior action, nor a full and fair opportunity to contest the issue of legal conflict of interest as might warrant collateral estoppel (*Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71 [1969]).

We have considered defendants' remaining arguments and find them without merit. Concur—Gonzalez, P.J., Buckley, Catterson, McGuire and Renwick, JJ. [*See* 2008 NY Slip Op 30407(U).]