Rose, J.P.
*1511 During the first jury trial, defendants moved pursuant to CPLR 4401 for a directed verdict. Supreme Court (Mulvey, J.) partially granted defendants’ motion from the bench by dismissing all but the second cause of action for restoration costs. The court reserved decision on the second cause of action pending submission of questions to the jury. The jury then found in defendants’ favor, determining that while the cutting was not done with permission, it did not diminish the value of the property. Thereafter, Supreme Court issued a written decision and order holding that plaintiff and Miller had failed to offer any evidence contradicting defendants’ proof that the value of the property had not been diminished, and the court granted defendants’ motion for judgment as a matter of law by dismissing the complaint in its entirety pursuant to CPLR 4401. Plaintiff and Miller appealed from that order, limiting their arguments to the first cause of action for breach of contract and the third cause of action for treble damages pursuant to RPAPL former 861. We then modified the order by reinstating only those two causes of action and remitted for a new trial (68 AD3d at 1327-1328). Prior to the second trial, plaintiff and Miller moved for partial summary judgment on the question of whether Moore had permission to cut based on the jury’s determination in the first trial that he had acted without permission. Supreme Court (Sherman, J.) denied the motion and, at the second trial, the jury found in favor of defendants on both the first and third causes of action. Plaintiff now appeals, arguing that the first jury’s specific finding that Moore did not have permission should have been given collateral estoppel effect. We cannot agree.
“[W]hen a judgment or order is entered, a determination will generally not be given preclusive effect unless the resolution of the issue was ‘essential’ to the decision rendered in the first action or proceeding” (Church v New York State Thruway Auth., 16 AD3d 808, 810 [2005]; see Ryan v New York Tel. Co., 62 NY2d 494, 500-501 [1984]; accord Gadani v DeBrino Caulking Assoc., Inc., 86 AD3d 689, 691 [2011]). Although the first jury answered a question in favor of plaintiff and Miller, the judgment entered was not in their favor. Because the specific finding that plaintiff seeks to rely upon was not essential to the judgment, plaintiff cannot use the finding for its preclusive ef *1512 feet (see Donahue v New York Life Ins. Co., 259 NY 98, 102 [1932]; Brizse v Lisman, 231 NY 205, 208 [1921]). Furthermore, the posttrial order of Supreme Court (Mulvey, J.) granting defendants’ motion for a directed verdict dismissed the complaint in its entirety, including the second cause of action, without considering the issue of permission. Thus, under no circumstance can the jury’s finding on permission be considered necessary to the outcome of the first trial. As the prior jury verdict was never “one ‘from which the resolution of the ultimate legal issue necessarily followed,’ ” it can have no preclusive effect (Church v New York State Thruway Auth., 16 AD3d at 810, quoting Hinchey v Sellers, 7 NY2d 287, 293 [1959]; see Gadani v DeBrino Caulking Assoc., Inc., 86 AD3d at 692; see also Citrin v Baratia & Goldstein, 62 AD3d 405, 406 [2009]; State of New York v Moore, 298 AD2d 814, 815-816 [2002]). We need not address plaintiff’s remaining arguments, as they pertain only to issues that would arise on a retrial.
Lahtinen, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, with costs.