Judgment, Supreme Court, New York County (Barbara R. Kapnick, J.), entered July 25, 2012, which, to the extent appealed from, denied defendant-appellant’s motion to dismiss, pursuant to CPLR 3211 (a), plaintiffs fifth, sixth, eighth and tenth causes of action, unanimously modified, on the law, to declare that rent became payable on September 19, 2011, 300 days after the date plaintiff tenant opened for business, and to grant the motion to dismiss as to the eighth cause of action, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered June 4, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiffs fifth and sixth causes of action seek a declaratory judgment as to when it was required to begin paying rent under the rent commencement date clause of the lease. It provides that the rent commencement date is “the earlier of” (i) 300 days from the date tenant opened for business at the premises, and (ii) 685 days after delivery of possession, subject to landlord delay pursuant to the provisions of lease section 14.04 (B). Plaintiff seeks a declaration that delivery of possession did not occur on January 7, 2010, as defendant asserts, and that the rent commencement date is thereby extended for each day landlord delayed delivery. Since these causes of action cannot be sustained under the plain language of the rent commencement *647 clause, defendant-appellant is entitled to a declaration in its favor on the merits (Hirsch v Lindor Realty Corp., 63 NY2d 878, 881 [1984]).
The only portion of the provision that is operative is the first part, stating that rent shall become payable 300 days after plaintiff opened the leased premises for business. Accordingly, rent first became due on September 19, 2011—300 days following the date plaintiff opened for business on November 23, 2010.
The clause’s second part, providing that rent shall become payable 685 days after the delivery of the premises, was rendered moot by the opening of the business. The 685-day provision is merely a fail-safe designed to ensure that defendant would begin receiving rent within a specified time after plaintiff took possession of the premises.
The landlord delays contemplated by the rent commencement provision are limited by the referenced sections of the lease to delays occasioned by landlord’s inability to secure permits (including a temporary certificate of occupancy) that landlord is obligated to obtain, and then “only to the extent that the Substantial Completion of Tenant’s Work is actually delayed thereby.” “Tenant’s Work” is defined as “construction work which is required to complete the Premises and the Licensed Space to a condition ready for the conduct of Tenant’s business.” Thus, “landlord delays” are clearly confined to the period prior to tenant’s commencement of operations.
Plaintiff’s eighth cause of action, seeking damages for defendant’s alleged failure to properly maintain the building in a reasonably safe and adequate condition of repair, must be dismissed. This cause of action is expressly barred by section 6.02 of the lease, which states:
“Except as may be expressly provided in this Lease, there shall be no allowance to Tenant for a diminution of rental value and no liability on the part of Landlord by reason of inconvenience, annoyance or injury to business arising from Landlord making, or failing to make, any repairs, alterations, additions or improvements in or to any portion of the Building, the Premises or the Licensed Space, or in or to fixtures, appurtenances or equipment thereof . . . .”
Plaintiff has pointed to no other provision in the lease that expressly provides for such relief, thereby superseding section 6.02.
Plaintiffs tenth cause of action sufficiently alleges a breach of lease claim based on landlord’s purported refusal to permit plaintiff to install satellite and other communications equip *648 ment necessary for the successful operation of plaintiff’s intended sports bar.
We have considered the remaining arguments and find them unavailing. Concur—Tom, J.E, Andrias, Acosta and ManzanetDaniels, JJ.