Jeffrey's Auto Body, Inc. v Allstate Ins. Co. (2018 NY Slip Op 01834)





Jeffrey's Auto Body, Inc. v Allstate Ins. Co.


2018 NY Slip Op 01834


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1417 CA 16-01639

[*1]JEFFREY'S AUTO BODY, INC., PLAINTIFF-APPELLANT,
v
ALLSTATE INSURANCE COMPANY AND ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






BOUSQUET HOLSTEIN PLLC, SYRACUSE (CECELIA R.S. CANNON OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GOLDBERG SEGALLA LLP, SYRACUSE (HEATHER ZIMMERMAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered December 10, 2015. The order and judgment granted the motion of defendants for summary judgment dismissing the amended complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion is denied and the amended complaint is reinstated.
Memorandum: Plaintiffs in these consolidated appeals operate automobile repair shops, and they commenced these actions to recover payment for repairs performed on behalf of defendants' insureds, i.e., first-party assignors, and persons involved in accidents with defendants' insureds, i.e., third-party assignors. Plaintiffs also commenced actions, later consolidated, in Supreme Court, Onondaga County, making similar allegations and seeking similar relief against Liberty Mutual Fire Insurance Company (Liberty Mutual action). In addition, plaintiff Nick's Garage, Inc. (Nick's) commenced actions in the Federal District Court for the Northern District of New York making similar allegations and seeking similar relief against, inter alia, Nationwide Mutual Insurance Company (Nationwide action) and, inter alia, Progressive Casualty Insurance Company (Progressive action). On prior appeals by defendant Allstate Insurance Company (Allstate), this Court modified an order by granting those parts of Allstate's motions seeking dismissal of the second cause of action, alleging quantum meruit, pursuant to CPLR 3211 (Jeffrey's Auto Body, Inc. v Allstate Ins. Co., 125 AD3d 1342 [4th Dept 2015]; Nick's Garage, Inc. v Allstate Ins. Co., 125 AD3d 1343 [4th Dept 2015]). Defendants thereafter moved for summary judgment dismissing the remaining causes of action, i.e., the first cause of action, alleging breach of contract, and the third cause of action, alleging violation of General Business Law § 349.
While those motions were pending, the defendant insurers in the Nationwide and Progressive actions successfully moved for summary judgment dismissing the respective complaints in those actions (Nick's Garage, Inc. v Nationwide Mut. Ins. Co., 101 F Supp 3d 185 [ND NY 2015]; Nick's Garage, Inc. v Progressive Cas. Ins. Co., 2015 WL 1481683 [ND NY, March 31, 2015]). In addition, Supreme Court granted the defendant's motion for summary judgment dismissing the complaints in the Liberty Mutual action (Nick's Garage, Inc. v Liberty Mut. Fire Ins. Co., Sup Ct, Onondaga County, Aug. 4, 2015, Murphy, J., index No. 2012EF2278).
Based upon the orders in the federal actions, defendants supplemented their motions and took the position that, inasmuch as the substance of Nick's allegations and legal theories in the federal actions are identical to those in the instant action, and plaintiffs had a full and fair [*2]opportunity to litigate them in Federal District Court, plaintiffs are barred from relitigating those issues in the instant action. The court agreed with defendants, concluding that, by virtue of the orders in the Nationwide and Progressive actions, and also the judgment in the Liberty Mutual action, Nick's is barred by collateral estoppel from litigating the claims in its second amended complaint, and plaintiff Jeffrey's Auto Body, Inc. (Jeffrey's) is barred from litigating the claims in its amended complaint. We reverse.
While these appeals were pending, the Second Circuit reversed and vacated in substantial part the District Court orders in the Nationwide and Progressive actions (Nick's Garage, Inc. v Progressive Cas. Ins. Co., 875 F3d 107 [2d Cir 2017]; Nick's Garage, Inc. v Nationwide Mut. Ins. Co., 2017 WL 5171217 [2d Cir, Nov. 8, 2017]), and Supreme Court vacated the judgment in the Liberty Mutual action pursuant to CPLR 5015 (Nick's Garage, Inc. v Liberty Mut. Ins. Co., Sup Ct, Onondaga County, Sept. 1, 2016, Murphy, J., index No. 2012EF2278). In light of the orders of the Second Circuit in the Nationwide and Progressive actions, the orders of the Federal District Court, at least to the extent that they were reversed and vacated, may not be used to bar these actions (see Church v New York State Thruway Auth., 16 AD3d 808, 810 [3d Dept 2005]; Sage Realty Corp. v Proskauer Rose, 251 AD2d 35, 39 [1st Dept 1998]). Similarly, the vacated judgment in Liberty Mutual may not be used to bar these actions (see Church, 16 AD3d at 810). Contrary to defendants' contention, we conclude that the court's decision in Liberty Mutual " is ineffective as a bar to subsequent proceedings' " inasmuch as the court vacated the judgment that was based on that decision (Ruben v American & Foreign Ins. Co., 185 AD2d 63, 65 [4th Dept 1992]).
We further conclude that defendants are not otherwise entitled to summary judgment dismissing the amended complaint and second amended complaint. Even assuming, arguendo, that defendants met their initial burden, we agree with plaintiffs that their submissions in opposition to the motions raise triable issues of fact with respect to both the breach of contract and General Business Law § 349 causes of action (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore deny the motions and reinstate Jeffrey's amended complaint and Nick's second amended complaint.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court