New York City Sch. Constr. Auth. v New S. Ins. Co. (2019 NY Slip Op 04879)





New York City Sch. Constr. Auth. v New S. Ins. Co.


2019 NY Slip Op 04879


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


9646 656691/16

[*1]New York City School Construction Authority, Plaintiff-Appellant,
v
New South Insurance Company, Defendant-Respondent.


Fabiani Cohen & Hall, LLP, New York (John V. Fabiani of counsel), for appellant.
Law Office of James J. Croteau, New York (James J. Croteau of counsel), for respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered November 13 2018, which granted defendant New South Insurance Company's (New South) motion for summary judgment dismissing the complaint, and denied plaintiff New York City School Construction Authority's (SCA) cross motion for summary judgment, unanimously modified, on the law, to declare that defendant has no obligation to defend or indemnify plaintiff in the underlying action, and otherwise affirmed, without costs.
The language regarding New South's coverage of SCA under the New South policy is straightforward and unambiguous. Since the accident occurred while the subject vehicle was parked, and not "while driving," SCA is not a covered "Insured" under the New South policy. The Court of Appeals holding in Argentina v Emery World Wide Delivery Corp. (93 NY2d 554, 558-560, 563 [1999]) does not compel a different result. In Argentina , the Court held that loading and unloading a vehicle constitutes "use or operation" of a vehicle for the purposes of holding an owner liable under VTL § 388(1). Here, by contrast to Argentina , SCA is not the vehicle owner, and the owner, Sukhman Construction Inc., is not a party to the underlying action. Moreover, Argentina expressly stated that an insurance policy "need not cover the liability of a third party for accidents occurring in the loading or unloading of the vehicle" (93 NY2d at 560).
We modify solely to declare in defendant's favor, rather than dismiss (see Hirsch v Lindor Realty Corp. , 63 NY2d 878 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK