Riaz v Suppa (2024 NY Slip Op 51256(U))

[*1]

Riaz v Suppa

2024 NY Slip Op 51256(U)

Decided on September 9, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 9, 2024
Supreme Court, New York County

Kashif Riaz and MEHREEN HAQQIE, Plaintiffs,

against
Joseph Suppa, Defendant.

Index No. 159011/2023

Belkin Burden Goldman, LLP, New York, NY (Andrew T. Stafutti and Jeffrey L. Goldman of counsel), for plaintiffs.
Azoulay Weiss, LLP, New York, NY (Eric N. Pitter of counsel), for defendant.

Gerald Lebovits, J.

This is a landlord-tenant action. Defendant, Joseph Suppa, leased for one year a Manhattan townhouse from plaintiffs, Kashif Riaz and Mehreen Haqqie. The lease was to expire at the end of September 2023. In May 2023, plaintiffs served defendant with a notice of termination, effective June 2, 2023.
On June 2, the parties entered into a surrender agreement, under which defendant (i) agreed to surrender possession of the building; (ii) waived his right to return of his security deposit of $25,000 (one month's rent); (iii) pay at execution $41,000, comprising the June 2023 rent and approximately two-thirds of the July 2023 rent; and (iv) to wire the remaining one-third of the July rent ($9,000) so that it was received by plaintiffs on or before Saturday, July 1, 2023. The agreement provided that if defendant fully performed, he would be released of any further rent obligations for the remaining two months of the lease (i.e., $50,000); but that he would otherwise be responsible for that remaining rent, plus reasonable attorney fees.
It is undisputed that defendant fulfilled the first three obligations under the surrender agreement, leaving only the $9,000 payment. It is also undisputed that defendant wired plaintiffs that $9,000 on Monday, July 3, 2023—not Saturday, July 1. Plaintiffs, contending that this delay [*2]in payment breached defendant's obligations under the surrender agreement, have brought this action for the $50,000 in outstanding rent, approximately $970 in additional-rent charges, and attorney fees. Plaintiffs now move for summary judgment in their favor, seeking the $50,970.23 in rent/charges, plus $9,799.50 in attorney fees (and interest). Defendant cross-moves for summary judgment dismissing plaintiffs' claims. Plaintiffs' motion is denied; defendant's motion is granted.
Plaintiffs' argument, in essence, is that because defendant made the contractually required $9,000 payment on a Monday instead of on the preceding Saturday, plaintiff is now entitled to collect from defendant an additional $60,000 or so (plus interest). In opposition, defendant contends—and plaintiff hotly disputes—that awarding plaintiffs the amount claimed would be in substance an impermissible penalty for a de minimis breach of the surrender agreement. This court need not reach or resolve that issue here, however. As defendant also points out, plaintiffs' claim is foreclosed by General Construction Law (GCL) § 25.
The General Construction Law provides that "[w]here a contract by its terms authorizes or requires the payment of money or the performance of a condition on a Saturday, Sunday or a public holiday," unless the contract "expressly or impliedly indicates a different intent," the "payment may be made or condition performed on the next succeeding business day." (GCL § 25 [1].) Here, the surrender agreement required defendant to ensure that plaintiffs received the required $9,000 wire transfer no later than Saturday, July 1, 2023. Section 25 (1) had the effect of extending that contractual deadline until the next business day, or Monday, July 3. (See Hirsch v Lindor Realty Corp., 63 NY2d 878, 880 [1984] [holding that when the contract designates a specific date for payment, and that date is a legal holiday, GCL § 25 [1] extends the payment deadline until the following business day].) To the extent that plaintiff is contending that the contractual language requiring payment to be "received by" July 1 (rather than merely "paid by" July 1) impliedly imposes a kind of time-is-of-the-essence provision (see NYSCEF No. 44 at 2)—and thereby forecloses application of GCL § 25—this contention is unpersuasive.[FN1]

Accordingly, it is
ORDERED that plaintiffs' motion for summary judgment in their favor is denied; and it is further
ORDERED that defendant's cross-motion for summary judgment dismissing plaintiffs' claims against him is granted, and the complaint is dismissed, with costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further
ORDERED that defendant serve a copy of this order with notice of its entry on all parties and on the office of the County Clerk (by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, 
https://ww2.nycourts.gov/courts/1jd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.
DATE 9/9/2024

Footnotes

Footnote 1:The surrender agreement does not specify any prejudice that might result to plaintiffs should the $9,000 payment be received later than Saturday, July 1, 2023. Nor do plaintiffs' complaint and papers on this motion identify any prejudice that did result from defendant's wiring plaintiffs the $9,000 on the following Monday.