AC 31, LLC v Fawer (2024 NY Slip Op 5625)

AC 31, LLC v Fawer

2024 NY Slip Op 5625

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Webber, J.P., Singh, Gesmer, González, Scarpulla, JJ. 

Index No. 850250/17 Appeal No. 3025-3026 Case No. 2024-00003 

[*1]AC 31, LLC, Plaintiff-Respondent,
v
Melissa Fawer, et al., Defendants-Appellants, Santerder Bank, N.A., et al., Defendants. 

Clair Gjertsen & Weathers PLLC, White Plains (Erin K. Flynn of counsel), for appellants.
Harris Beach PLLC, Pittsford (Brian D. Ginsberg of counsel), for respondent.

Amended order and judgment (one paper), Supreme Court, New York County (Francis A. Kahn, III, J.), entered January 9, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for a judgment of foreclosure and sale, to confirm the Referee's report, and for attorneys' fees, unanimously affirmed, with costs. Appeal from order and judgment (one paper), same court and Justice, entered December 7, 2023, unanimously dismissed, without costs, as academic.
Supreme Court properly confirmed the Referee report, as the Referee had clearly defined the issues, resolved matters of credibility, and made findings substantially supported by the record (see Rosenbloom v Gurary, 59 AD3d 274, 274 [1st Dept 2009]). The Referee's determination that if the premises were to be sold then they should be sold in one parcel was supported by an affidavit from plaintiff's state-certified real estate appraiser, who had experience appraising improved residential property in Manhattan. The appraiser averred that selling the duplex apartment as four separate parcels would be impractical and economically not feasible, and that the best and most feasible way to maximize plaintiff's recovery was to sell the mortgaged premises in one parcel. Defendants failed to rebut this evidence with their own appraisal.
We defer to Supreme Court's discretion in awarding reasonable counsel fees, and should not disturb such awards if there was no abuse of discretion (see 542 E. 14th St. LLC v Lee, 66 AD3d 18, 24 [1st Dept 2009]). Here, applying the appropriate factors in making its determination (see Jordan v Freeman, 40 AD2d 656, 656 [1st Dept 1972]), and based on plaintiff's affirmation of legal services with 250 pages of supporting documentation, Supreme Court providently exercised its discretion in awarding attorneys' fees of $218,892.75. Defendants' conclusory argument that plaintiff's law firm's billings were excessive is unsupported by specific challenges to the number of hours billed, the tasks performed, or the hourly rates charged (see Banco do Estado de Sao Paulo S.A. v Mendes Junior Intl. Co., 249 AD2d 137, 139 [1st Dept 1998]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024