■ DONALD J. JONES et al., Respondents, v TOWN OF CARROLL et al., Appellants. [821 NYS2d 708]—

Appeal from a judgment (denominated order and judgment)

of the Supreme Court, Chautauqua County (Paula L. Feroleto, J.), entered September 26, 2005. The judgment, inter alia, declared that sections 2 and 3 of the Town of Carroll Local Law No. 1 for the year 2005 are invalid as applied to acreage owned and operated by plaintiffs.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the second decretal paragraph and as modified the judgment is affirmed without costs.

Memorandum: In June 1984 plaintiff Donald J. Jones (Jones) and his wife, plaintiff Carol L. Jones, purchased a gravel mine located on a 50-acre parcel of land in defendant Town of Carroll and mined the property until all the gravel was extracted. The 50-acre parcel is located in an agricultural/residential (AR-1) zoning district. In July 1989 Jones applied to defendant Town of Carroll for a use variance to permit use of the parcel as a construction and demolition debris landfill. Defendants granted the variance subject to any condition specified in any permit granted by the New York State Department of Environmental Conservation (DEC). In December 1989 the DEC granted a permit for Phase I of the landfill operation, pursuant to which plaintiff Jones-Carroll, Inc. operated the landfill on two acres of the parcel. In December 1992 the DEC renewed the permit (Phase II), and in January 1996 a permit was issued by the DEC expanding the operation to three acres (Phase III). In 1996 Jones sold Jones-Carroll, Inc. but he and his wife maintained ownership of the land and collected rent from the operation of the landfill. In February 2004 plaintiffs entered into an agreement with an agent of Sealand Waste, LLC (Sealand) to operate the landfill through Phase IV of its planned development and later that year, further agreed that Sealand would conduct testing on the property to determine whether to buy and develop the remaining property.

On February 23, 2005, defendants passed Local Law No. 1 for the year 2005 (Local Law) eliminating the operation of sanitary landfills/demolition landfills in the AR-1 zoning district in the Town of Carroll as a use allowed by special use permit. The Local Law permitted sanitary landfills/demolition landfills operating under a permit issued by the DEC to continue without expansion.

Plaintiffs then commenced this proceeding pursuant to CPLR article 78 seeking a declaration that the Local Law is null and void. Supreme Court, sua sponte, converted this proceeding to a declaratory judgment action and declared sections 2 and 3 of the Local Law invalid as applied to acreage owned and operated by plaintiffs. Defendants now appeal.

We conclude that the proceeding was properly converted into a declaratory judgment action (see Matter of Benderson Dev. Co. v Swiatek, 162 AD2d 1023 [1990]). Thus, we deem the notice of petition to be a summons and the petition to be a complaint (see Matter of Bart-Rich Enters., Inc. v Boyce-Canandaigua, Inc., 8 AD3d 1119 [2004]), and we denominate the parties plaintiffs and defendants. We note that, in the judgment converting the CPLR article 78 proceeding to a declaratory judgment action, the court also decided the merits of the "motion." Inasmuch as neither side had an opportunity to make a motion in the declaratory judgment action, judgment was granted prematurely. Because the court erred in summarily granting declaratory relief, we modify the judgment accordingly. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.