■ TIMOTHY DALEY, Appellant, v M/S CAPITAL NY LLC, Respondent. [844 NYS2d 194]—

Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered November 23, 2005, which granted defendant's motion for dismissal of the complaint, denied plaintiff's cross motion for summary judgment as premature, and declared that defendant is not required to enter into a new Section 8 Housing Assistance Payment Contract (HAP contract) upon renewal of the parties' rent-stabilized lease, unanimously reversed, on the law, without costs, the motion denied, the cross motion granted and summary judgment awarded to plaintiff declaring that defendant's obligations under the section 8 HAP contract continue upon renewal of the subject lease.

It is uncontested that plaintiff's tenancy has been subject to rent stabilization since its inception in January 1992 and since May 1996 has been governed by an HAP contract and lease addendum under the section 8 Tenant-Based Assistance Housing Choice Voucher Program of the United States Department of Housing and Urban Development. In late 2004, defendant landlord informed plaintiff that his rent-stabilized lease would be renewed in May 2005 but that defendant would no longer participate in the section 8 program. Plaintiff then commenced this action seeking a declaration that defendant's obligations under the lease and HAP contract extend into any renewal period. Defendant interposed a pre-answer motion to dismiss for failure to state a cause of action (CPLR 3211 [a] [7]), and plaintiff cross-moved for summary judgment directing defendant to accept section 8 benefits upon renewal (CPLR 3212).

The issues raised by this matter are governed by the Court of Appeals' decision in *Rosario v Diagonal Realty, LLC* (8 NY3d 755 [2007], *affg* 32 AD3d 739 [2006]). It is now settled that a section 8 subsidy is a term and condition of the lease that must be incorporated into any lease renewal on the ground that a renewal lease must be on the same terms and conditions as the expiring lease (Rent Stabilization Code [9 NYCRR] § 2522.5 [g] [1]). Contrary to defendant's contention that the protection afforded by this rent stabilization provision is preempted by federal law, the Court of Appeals discerned no explicit Congressional purpose to preempt state law; rather, it noted an intention to limit the involvement of the federal government. The

Court noted that the states retain broad regulatory power over both housing conditions and the relationship between landlord and tenant. It found that the 1998 amendment to the section 8 program (Pub L 105-276), limiting the requirement that a landlord demonstrate good cause before evicting a tenant to proceedings brought during the lease term (42 USC § 1437f), neither hinders compliance with the state law governing the terms of a renewal lease nor interferes with the purpose of the federal statute to encourage participation in the section 8 program. Thus, the Court perceived neither an implied intention to occupy the legislative field nor any actual conflict between federal and state law (see also *Balbuena v IDR Realty LLC*, 6 NY3d 338, 356 [2006]).

While a summary judgment motion interposed prior to joinder of issue is normally premature (CPLR 3212 [a]; *City of Rochester v Chiarella*, 65 NY2d 92, 101 [1985]), "in an action for a declaratory judgment, the court has an exceedingly broad discretion in deciding the issues" (*Cahill v Regan*, 5 NY2d 292, 298 [1959]). It is error to dismiss a complaint seeking declaratory judgment even where the plaintiff is not entitled to the declaration sought (*Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Where, as here, the disposition is on the merits, a declaration should be made (*Hirsch v Lindor Realty Corp.*, 63 NY2d 878, 881 [1984]). Concur—Tom, J.P., Andrias, Marlow, Nardelli and McGuire, JJ.