■ Robert Schlossin et al., Appellants, v Town of Marilla et al., Respondents. [852 NYS2d 515]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (John A. Michalek, J.), entered October 25, 2006 in an action seeking, inter alia, a declaratory judgment. The judgment, among other things, dismissed the complaint.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the provision dismissing that part of the complaint seeking a declaration and granting judgment in favor of defendants as follows: "It is ADJUDGED and DECLARED that Town of Marilla Zoning Law §§ 210-8, 210-10 (A) and § 210-11 (A) (28) are valid and as modified the judgment is affirmed without costs."

Memorandum: Plaintiff Robert Schlossin, the owner of a 45-acre parcel of land in defendant Town of Marilla (Town) and plaintiff Creekside Development, LLC (Creekside), the contract vendee for that property, commenced this action seeking, inter alia, a declaration annulling sections 210-8, 210-10(A) and 210-11(A) (28) of the Town's Zoning Law on the grounds that they exceed the authority granted to the Town and defendant Town Board of the Town of Marilla (Town Board) pursuant to Town Law § 261 and are unconstitutional. Those sections of the zoning law restrict the ability of Creekside to proceed with its plan to develop the property, which is zoned as an agricultural district, by constructing a housing subdivision consisting of 32 single-family homes. Plaintiffs had sought to rezone the property as rural-residential in order to permit the subdivision to proceed. In denying the application, the Town Board determined that the proposed rezoning would be inconsistent with the comprehensive plan designating the area in which the property was located as predominately agricultural, in order to preserve "open space" and the agricultural integrity of the Town.

Although Supreme Court properly determined "on the merits" that plaintiffs are not entitled to the relief sought, the court erred in dismissing that part of the complaint seeking a declaration and should have made a declaration (*see Hirsch v Lindor Realty Corp.*, 63 NY2d 878, 881 [1984]; *Daley v M/S Capital NY LLC*, 44 AD3d 313, 315 [2007]). We therefore modify the judgment accordingly.

Contrary to the contention of plaintiffs in their first cause of action, defendants have not exceeded their authority pursuant to Town Law § 261 to enact zoning laws to "regulate . . . open

spaces, the density of population, and the location and use of buildings . . . for . . . residence" in order to promote the general welfare of the community (*id.*).

Plaintiffs contend in their second cause of action that the zoning laws at issue, which prohibit the construction of a housing subdivision in an agricultural district, do not constitute a valid exercise of the Town's police power to regulate private property because they do not have a legitimate government purpose and there is no reasonable relation between the end sought to be achieved and the means used to achieve that end. We reject that contention. Here, the record establishes that the subdivision restrictions in the agricultural district were enacted in furtherance of the legitimate governmental interest of preserving the agricultural integrity of the Town and that, in permitting housing subdivisions to be constructed in areas zoned as rural residential but not in agricultural districts, there is a reasonable relation between the end sought to be achieved and the means used to achieve that end (*see generally McMinn v Town of Oyster Bay*, 66 NY2d 544, 549 [1985]).

We reject the further contention of plaintiffs in their second cause of action that their right to substantive due process was violated by the Town Board's denial of the application to rezone the property in order to accommodate the plan to construct a housing subdivision. In order to establish that they were denied substantive due process, plaintiffs "must establish a cognizable property interest, meaning a vested property interest, or 'more than a mere expectation or hope to [obtain approval of their application]; they must show that pursuant to State or local law, they had a legitimate claim of entitlement to [obtain such approval]' " (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 627 [2004]). Defendants established that plaintiffs lack the requisite vested property interest (*cf. Town of Orangetown v Magee*, 88 NY2d 41, 52-53 [1996]). Furthermore, defendants' actions cannot be said to have constituted "egregious official conduct [so as] to be arbitrary in the constitutional sense" (*Bower Assoc.*, 2 NY3d at 628 [internal quotation marks omitted]; *cf. Magee*, 88 NY2d at 53).

Because 42 USC § 1983 "protects against municipal actions that violate a property owner's rights to due process . . . under the Fifth and Fourteenth Amendments to the United States Constitution" (*Bower Assoc.*, 2 NY3d at 626), and we have concluded that plaintiffs' constitutional rights have not been violated, the court properly dismissed the third cause of action. Present—Scudder, P.J., Martoche, Smith, Lunn and Pine, JJ.