█ DONALD J. JONES et al., Respondents, v TOWN OF CARROLL et al., Appellants. (Appeal No. 1.) [873 NYS2d 391]—

Memorandum: In June 1984 plaintiff Donald J. Jones (hereafter, Jones) and his wife, plaintiff Carol L. Jones, purchased 50 acres of property in an agricultural/residential (AR-1) zoning district located in defendant Town of Carroll (Town). In 1989 the Town's Zoning Board of Appeals granted the application of Jones for a use variance permitting him to use the entire parcel as a construction and demolition landfill (C & D landfill). Jones obtained a permit from the New York State Department of Environmental Conservation (DEC) permitting him to use "less than two acres" of the property as a C & D landfill, and in 1996 he obtained another permit from the DEC permitting him to

construct a "one acre expansion." After defendants were informed that a potential buyer of plaintiffs' property had applied for a DEC permit to operate a landfill on the entire parcel, defendants enacted Local Law No. 1 of 2005 (2005 Law). Section 1 of the 2005 Law states that its purpose is "to eliminate the operation of sanitary landfills/demolition landfills in the [Town's AR-1] zoning district," and section 2 states that section 406-C of the Town's Zoning Law is amended to provide that "[s]anitary landfill/demolition landfill is eliminated as a use allowed by special use permit." Section 3 provides that sanitary landfills or demolition landfills "operating under a permit issued by the [DEC] shall be allowed to continue without expansion[, but a]bsolutely no expansion of any landfill beyond the area and scope allowed under the operator[']s permit from the DEC as of the date of th[e] Local Law shall be allowed."

Although plaintiffs commenced a CPLR article 78 proceeding to challenge the 2005 Law, Supreme Court previously converted that proceeding to a declaratory judgment action and declared sections 2 and 3 of the 2005 Law invalid as applied to plaintiffs' property. On defendants' appeal from that judgment, we modified the judgment by vacating the declaration on the ground that neither plaintiffs nor defendants had been afforded an opportunity to make a motion in the declaratory judgment action and thus "judgment was granted prematurely" (*Jones v Town of Carroll*, 32 AD3d 1216, 1218 [2006]).

Following our decision, plaintiffs moved for summary judgment declaring the 2005 Law void. Alternatively, plaintiffs moved for partial summary judgment declaring that the 2005 Law effected a regulatory taking of their property without compensation, and they sought a plenary hearing to determine their damages. Defendants cross-moved for, inter alia, summary judgment declaring that the 2005 Law is valid. According to the court's decision on the motion and cross motion, "[p]laintiffs specifically object[ed] to sections 2 and 3" of the 2005 Local Law. We now conclude that the court erred in granting judgment in favor of plaintiffs declaring sections 2 and 3 of the 2005 Law invalid as they relate to plaintiffs' property. We therefore modify the judgment accordingly.

In granting judgment in favor of plaintiffs, the court determined that they had engaged in substantial construction and demolition activities over a long period of time that "manifested an intent to appropriate the entire 50-acre parcel to the particular business of a Land Fill," and the court thus determined that "the protection of this non-conforming use must extend to the boundaries of this entire parcel." We agree with defendants,

however, that they "rationally exercised [their] police power and determined that a change in the zoning was required for the well-being of the community" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 684 [1996]). Further, "[b]ecause nonconforming uses are viewed as detrimental to zoning schemes, public policy favors their reasonable restriction and eventual elimination . . . Accordingly, municipalities may adopt measures regulating nonconforming uses and may, in a reasonable fashion, eliminate them" (*Matter of 550 Halstead Corp. v Zoning Bd. of Appeals of Town/Vil. of Harrison*, 1 NY3d 561, 562 [2003]; *see Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d 278, 286-287 [1980]). We thus conclude with respect to the first and sixth causes of action that defendants rationally exercised their police power in determining that landfills in AR-1 zoning districts should be eliminated and that sections 2 and 3 of the 2005 Law are reasonable measures to regulate and eventually to eliminate nonconforming uses.

We further agree with defendants that the court, in its decision, misapplied the holding of *Syracuse Aggregate Corp.* (51 NY2d 278 [1980]) by concluding with respect to the second cause of action that plaintiffs' nonconforming use extended over plaintiffs' entire parcel. "[T]he right to maintain a nonconforming use does not include the right to extend or enlarge that use" (*Matter of McDonald v Zoning Bd. of Appeals of Town of Islip*, 31 AD3d 642, 642-643 [2006]), and "the person claiming the right must demonstrate that the property was indeed used for the nonconforming purpose, as distinguished from a mere contemplated use, at the time the zoning ordinance became effective" (*Syracuse Aggregate Corp.*, 51 NY2d at 284-285). It is undisputed that, when the 2005 Law was enacted, plaintiffs had a valid DEC permit authorizing the operation of a C & D landfill on only three acres of their property, and defendants established that any expansion of the existing landfill was at most "a mere contemplated use" (*id.* at 284).

Contrary to plaintiffs' contention with respect to the fifth cause of action, defendants complied with article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]) in issuing the negative declaration pursuant to SEQRA. Where, as here, "the proposed action would have only beneficial environmental effects, the [defendants'] issuance of a negative declaration was appropriate and an Environmental Impact Statement was unnecessary" (*Matter of Philger Realty Corp. v Town Bd. of Town of E. Hampton*, 262 AD2d 564, 565 [1999]). Furthermore, the mere fact that the review process was completed quickly does not establish that

defendants failed to " 'ma[k]e a thorough investigation of the problems involved [or] reasonably exercise [their] discretion' " (*Matter of Har Enters. v Town of Brookhaven*, 74 NY2d 524, 530 [1989]; *see also Gernatt Asphalt Prods.*, 87 NY2d at 689). Indeed, defendants established that they took the requisite hard look at the areas of environmental concern and set forth a reasoned elaboration of the basis for their determination with respect to those areas (*see Gernatt Asphalt Prods.*, 87 NY2d at 689-690; *Har Enters.*, 74 NY2d at 530; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]).

With respect to the fourth cause of action, alleging a regulatory taking of plaintiffs' property, we conclude that neither plaintiffs nor defendants were entitled to summary judgment. There are issues of fact whether the 2005 Law is " 'so onerous that its effect is tantamount to a direct appropriation or ouster' " (*Consumers Union of U.S., Inc. v State of New York*, 5 NY3d 327, 357 [2005]; *see de St. Aubin v Flacke*, 68 NY2d 66, 77 [1986]), and whether plaintiffs' property is suitable for any other economically valuable use (*see generally Spears v Berle*, 48 NY2d 254, 262 [1979]). We note that neither plaintiffs nor defendants have briefed any issues concerning the third cause of action, which alleges that the 2005 Law "impair[s] existing contracts in violation of State and Federal Law," and thus any issues with respect to that cause of action are deemed abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Present—Martoche, J.P., Smith, Centra, Peradotto and Pine, JJ.