■ DONALD J. JONES et al., Appellant, v TOWN OF CARROLL et al., Respondent. (Appeal No. 2.) [873 NYS2d 395]—

Memorandum: While an action between plaintiffs and defendants was pending with respect to Local Law No. 1 of 2005 (*Jones v Town of Carroll*, 57 AD3d 1376 [2008]), defendants enacted Local Law No. 1 of 2007 (2007 Law), which made the operation of solid waste management facilities located in defendant Town of Carroll a class A misdemeanor but exempted, inter alia, "[a]ny bona-fide solid waste management facility which is in operation under a permit issued by the New York State Department of Environmental Conservation [DEC] as of the date of this Local Law . . . under the current terms and conditions of its existing operating permit issued by the DEC." Plaintiffs commenced this action seeking a judgment declaring that the 2007 Law is null and void.

Defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (7) and (8) alleging, inter alia, that plaintiffs sought merely an advisory opinion. Plaintiffs cross-moved for summary judgment on the same grounds raised in their motion in appeal No. 1 (*Jones*, 57 AD3d 1376 [2008]). We conclude that Supreme Court erred in granting defendants' motion, and we therefore modify the order accordingly. First, although the action sought a determination of plaintiffs' rights upon the happening of a future event, that future event is not one that is "beyond the control of the parties" (*New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531 [1977]; *see Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354 [1988]). Second, plaintiffs have raised a valid challenge under article 8 of the Environmental Conservation Law, and thus a justiciable controversy exists (*see Matter of Gordon v Rush*, 299 AD2d 20, 30 [2002], *affd* 100 NY2d 236 [2003]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 778 [1991]; *see generally Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 203 [1987]).

We further conclude, however, that plaintiffs are not entitled to summary judgment on their amended complaint, for the reasons stated in our decision in appeal No. 1 (*Jones* 57 AD3d 1376 [2008]). Present—Martoche, J.P., Smith, Centra, Peradotto and Pine, JJ.