■ In the Matter of Serota Brown Court II, LLC, et al., Respondents, v Town of Hempstead et al., Appellants. [879 NYS2d 486]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Hempstead dated December 6, 2006, which, after a hearing, denied the petitioners' administrative appeal from the denial of their application, inter alia, for a building permit, and denied their application, in the alternative, for a special use permit for the processing or recycling of certain waste materials, the appeal is from a judgment of the Supreme Court, Nassau County (Murphy, J.), dated December 31, 2007, which granted the petition, annulled the determination, and remitted the matter to the Board of Appeals of the Town of Hempstead, among other things, to determine the appropriate conditions which may be imposed upon the requested building permit, and for the issuance of that permit thereafter.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners commenced this proceeding to challenge a determination of the Board of Appeals of the Town of Hempstead (hereinafter the Board of Appeals), which denied their administrative appeal from the denial of their applications for a building permit to raise the roof of a structure utilized on the subject property as part of a preexisting construction and demolition debris processing facility, and, in the alternative, for a special use permit allowing them to continue the processing and recycling operations of the facility. We affirm the Supreme Court's judgment annulling the determination.

The petitioners did not need a special permit to continue the processing and recycling operations of the construction and demolition debris facility, since the facility was a preexisting nonconforming use at the time the Town enacted the zoning ordinance at issue (*see People v Miller*, 304 NY 105, 107 [1952]; *Matter of Cinelli Family Ltd. Partnership v Scheyer*, 50 AD3d 1136, 1137 [2008]). Although, as the Town, the Board of Appeals, and the members of the Board of Appeals contend, a municipality has the authority, pursuant to its police powers, to impose conditions of operation even upon preexisting nonconforming uses to protect public safety and welfare (*see Matter of Taylor Tree v Planning Bd. of Town of Montgomery*, 272 AD2d 336 [2000]), the ordinance at issue here, Town of Hempstead Zoning Ordinance § 272 (E) (4), rather than generally regulating the operation of construction and demolition debris facilities in the interest of public safety and welfare, regulates the location of certain facilities within particular zoning districts (*see Goldblatt v Hempstead*, 369 US 590, 597 [1962]; *Town of*

*Hempstead v Goldblatt*, 19 Misc 2d 176, 180 [1959]; *see also Matter of Westbury Trombo v Board of Trustees of Vil. of Westbury*, 307 AD2d 1043, 1045 [2003]).

Moreover, the Supreme Court properly annulled so much of the determination as denied the petitioners' administrative appeal from the denial of their application for a building permit, as it was arbitrary and capricious and not supported by evidence in the record (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516 [1985]; *Matter of Rieco Props., Inc. v Town of Hempstead*, 20 AD3d 541 [2005]; *Matter of Civic Assn. of Setaukets v Trotta*, 8 AD3d 482 [2004]). Spolzino, J.P., Dillon, Florio and Belen, JJ., concur.