Order, Supreme Court, New York County (Paul Wooten, J.), entered October 31, 2011, which, insofar as appealed from, granted the motion of defendant Merchandise Mart Properties, Inc. to dismiss plaintiff Port Parties, Ltd.’s claim for contractual indemnification and its claim for a declaratory judgment that Merchandise Mart defend and indemnify it in an underlying personal injury action, and denied Port Parties’ cross motion for summary judgment on said claims, unanimously modified, on the law, to deny Merchandise Mart’s motion as to the declaratory judgment claim and declare that Merchandise Mart has no duty to defend and indemnify Port Parties in the underlying personal injury action, and otherwise affirmed, without costs.
Merchandise Mart was granted a license by defendant UnConvention Center for the use of a portion of pier 94 in Manhattan to hold a trade show. Under the license agreement, Merchandise Mart was to provide for janitorial and cleaning services, and it retained Port Parties to supply bathroom matron services. The license agreement obligates Merchandise Mart to obtain insurance coverage for the event, which insurance “shall be considered primary and not contributory as respects other insurance,” and to name Port Parties as an additional insured. Under a broad indemnification clause, Merchandise Mart is required to “indemnify, defend and hold harmless the Licensor and the Additional Insureds . . . from and against all claims, demands, liabilities, damages, costs, losses and expenses . . . arising from or related to any personal injury . . . caused by, arising from or in connection with (a) the use or occupancy of *540 the Authorized Space by [Merchandise Mart] ... or (c) any act or omission of [Merchandise Mart].”
The requisite insurance, however, was never obtained, and an attendee who allegedly sustained injuries when she slipped and fell on a puddle of water in the ladies’ restroom commenced an action against Merchandise Mart, Port Parties, and UnConvention Center. Port Parties failed to appear in the action and, upon its default, is deemed to have admitted “all traversable allegations in the complaint, including the basic allegation of liability” (see Rokina Opt. Co. v Camera King, 63 NY2d 728, 730 [1984]).
Supreme Court held that the indemnification provision of the license agreement offends General Obligations Law § 5-323, and dismissed Port Parties’ indemnity claim against Merchandise Mart. While conceding that the agreement purports to indemnify it for its sole negligence in contravention of the statute (Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786 [1997]), Port Parties argues that the insurance provision brings this matter within the ambit of Great N. Ins. Co. v Interior Constr. Corp. (7 NY3d 412 [2006]).
Under General Obligations Law § 5-323, a provision in an agreement affecting real property that purports to exempt a contractor from liability for its own negligence in connection with, inter alia, the maintenance of the property is deemed to be void as against public policy. However, construing a parallel statute rendering void provisions that purport to similarly exempt a lessor from liability for its own negligence, the Court of Appeals held that where a commercial lease is the product of arm’s length negotiation between sophisticated parties who use insurance to allocate liability for injuries sustained by third persons, an indemnification provision holding the tenant liable for the landlord’s negligence does not offend the statute (Great N. Ins. Co., 7 NY3d at 419).
Central to this outcome is that the tenant’s insurer, not the tenant, bore “ultimate responsibility for the indemnification payment” (id.). Indeed, the Court noted that the policy afforded $5 million in coverage for liability that amounted to only $86,650 (id. n 4). Thus, an indemnification provision is only exempt from the prohibition of the General Obligations Law where “the parties are allocating the risk of liability to third parties between themselves, essentially through the employment of insurance” (Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153, 161 [1977]).
Enforcement of the subject indemnification provision in the absence of the insurance coverage called for by the license agree *541 ment would permit Port Parties, the negligent contractor, to avoid responsibility for its own negligence, precisely the exemption from liability prohibited by the statute. As Hogeland suggests, the conceptual difference is that in cases where indemnification has been permitted, the negligent party was not deemed to be exempt from liability to the injured third party; rather the parties merely agreed to allocate financial responsibility for the injury through the use of insurance, which afforded adequate compensation for the injury sustained. As the Court of Appeals put it, “an agreement to procure insurance specifically anticipates the promisee’s ‘continued responsibility’ for its own negligence for which the promisor is obligated to furnish insurance” (Kinney v Lisk Co., 76 NY2d 215, 218 [1990]).
In the absence of the insurance policy Merchandise Mart was supposed to obtain, the subject indemnification provision does not have the favorable effect of allocating loss for the purpose of placing the risk on the party with insurance coverage. Relief from the bar against exemption from liability for a party’s own negligent acts (General Obligations Law §§ 5-322, 5-322.1, 5-323, 5-325) is granted only where recovery against the negligent party is obviated by the availability of adequate insurance (see Hogeland, 42 NY2d at 161). Since the effect of enforcing the indemnification provision in the instant matter would be to exempt Port Parties from liability for an injury that was concededly caused by its own negligence without the commensurate protection afforded by insurance coverage, the indemnification provision is void and unenforceable.
Finally, a complaint seeking a declaratory judgment should not be dismissed even though the court determines that the plaintiff is not entitled to the declaration sought (Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Where, as here, a decision is rendered on the merits, the court should issue a declaration (Hirsch v Lindor Realty Corp., 63 NY2d 878, 881 [1984]; see also Daley v M/S Capital NY LLC, 44 AD3d 313, 315 [1st Dept 2007]), and we modify accordingly. Concur—Tom, J.P., Saxe, Richter, Abdus-Salaam and Feinman, JJ. [Prior Case History: 2011 NY Slip Op 32880(U).]