# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

856

CA 14-00282

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

CAROL L. JONES, AS EXECUTOR OF THE ESTATE
OF DONALD J. JONES, CAROL L. JONES AND
JONES-CARROLL, INC., PLAINTIFFS-RESPONDENTS,

V                                            MEMORANDUM AND ORDER

TOWN OF CARROLL AND TOWN BOARD OF TOWN OF
CARROLL, DEFENDANTS-APPELLANTS.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

COHEN & LOMBARDO, P.C., BUFFALO (ANTHONY M. NOSEK OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Chautauqua County (James H. Dillon, J.), entered May
17, 2013. The judgment, inter alia, granted plaintiffs' motion to
renew their motion for summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by denying the motion and vacating the
declaration and as modified the judgment is affirmed without costs and
the matter is remitted to Supreme Court, Chautauqua County, for
further proceedings in accordance with the following Memorandum: As
we noted when the parties were before us on three prior appeals (*Jones
v Town of Carroll*, 32 AD3d 1216, *lv dismissed* 12 NY3d 880; *Jones v
Town of Carroll* [appeal No. 1], 57 AD3d 1376, *revd* 15 NY3d 139, *rearg
denied* 15 NY3d 820 [*Jones I*]; *Jones v Town of Carroll* [appeal No. 2],
57 AD3d 1379 [*Jones II*]), in 1984 plaintiff Carol L. Jones (Jones) and
her husband, Donald J. Jones (decedent), purchased 50 acres of
property in an agricultural/residential (AR-1) zoning district in
defendant Town of Carroll (Town). In 1989, the Town's Zoning Board of
Appeals granted decedent's application for a use variance permitting
him to use the entire parcel as a construction and demolition landfill
(C & D landfill) conditioned upon receipt of a permit from the New
York State Department of Environmental Conservation (DEC). Decedent
obtained a permit from the DEC permitting him to use "less than two
acres" of the property as a C & D landfill and, in 1996, he obtained
another permit from the DEC permitting him to construct a "one acre
expansion." Plaintiff Jones-Carroll, Inc. (JCI) operated the
landfill. After defendants were informed that a potential buyer of
plaintiffs' property had applied for a DEC permit to operate a
landfill on the entire parcel, defendants enacted Local Law No. 1 of

2005 (2005 Law), which eliminated landfills as a permitted use in AR-1 zoning districts.  Section 2 of the 2005 Law provides that section 406-C of the Town's Zoning Law is amended to provide that "[s]anitary landfill/demolition landfill is eliminated as a use allowed by special use permit."  Section 3 provides that landfills "operating under a permit issued by the [DEC] shall be allowed to continue without expansion[, but a]bsolutely no expansion of any landfill beyond the area and scope allowed under the operator[']s permit from the DEC as of the date of th[e] Local Law shall be allowed."

Plaintiffs commenced a CPLR article 78 proceeding to challenge the 2005 Law, and Supreme Court converted that proceeding to a declaratory judgment action.  In *Jones I*, plaintiffs moved for summary judgment declaring that the 2005 Law is void, and defendants cross-moved for, inter alia, summary judgment declaring that the 2005 Law is valid.  The court granted judgment in favor of plaintiffs declaring that sections 2 and 3 of the 2005 Law are invalid as they relate to plaintiffs' property.  Defendants appealed.  While that action was pending, defendants enacted Local Law No. 1 of 2007 (2007 Law), which provides that "[n]o solid waste management facility shall hereafter be constructed, allowed to commence operation or to continue operation within the Town."  The law made the operation of solid waste management facilities in the Town a class A misdemeanor but exempted, inter alia, "[a]ny bona-fide solid waste management facility which is in operation under a permit issued by the [DEC] as of the date of this Local Law . . . under the current terms and conditions of its existing operating permit issued by the DEC."  In *Jones II*, plaintiffs commenced an action seeking a judgment declaring that the 2007 Law is null and void.  Defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (7) and (8) alleging, inter alia, that plaintiffs sought merely an advisory opinion.  Plaintiffs cross-moved for summary judgment on the same grounds raised in their motion in *Jones I.*  The court granted defendants' motion, and plaintiffs appealed.

In *Jones I*, we concluded that the court erred in granting judgment in favor of plaintiffs declaring sections 2 and 3 of the 2005 Law invalid as they relate to plaintiffs' property; that defendants complied with the State Environmental Quality Review Act ([SEQRA] ECL art 8) in issuing the negative declaration pursuant to SEQRA; and that there were issues of fact precluding judgment in favor of either party on plaintiffs' regulatory taking claim (*Jones I*, 57 AD3d at 1377-1379).  In *Jones II*, we concluded that the court erred in granting defendants' motion to dismiss the amended complaint because "a justiciable controversy exists," but that plaintiffs were not entitled to summary judgment "for the reasons stated in our decision in [*Jones I*]" (*Jones II*, 57 AD3d at 1380).

The Court of Appeals granted leave to appeal in *Jones I* and reversed, concluding that "plaintiffs adequately demonstrated that they acquired a vested right to operate a C & D landfill on their entire parcel, subject to regulation by DEC, and that the 2005 local law could not extinguish their legal use of the land for that purpose" (*Jones I*, 15 NY3d at 145-146).  The Court thus held that the 2005 Law

"does not apply to plaintiffs" (*id.* at 142).  In light of its determination, the Court deemed it unnecessary to consider plaintiffs' remaining contentions (*id.* at 146 n 4).

Following the decision of the Court of Appeals in *Jones I*, plaintiffs filed an amended complaint in *Jones II*, adding a cause of action asserting that the Town was "collaterally estoppe[d]" from enforcing the 2007 Law based upon that decision.  Plaintiffs thereafter moved to renew their motion for summary judgment declaring the 2007 Law "null and void" on the ground that *Jones I* was "clearly determinative of the 2007 Local Law under the same rationale the Court applied to the 2005 law."  Defendants cross-moved for "a determination that the enactment of the [2007 Law] was a proper exercise of the [Town's] police power and did not result in a regulatory taking of Plaintiffs' property or interfere with Plaintiffs' contractual rights in violation of any state or federal law and that Plaintiffs must comply fully with the provisions of the [2007 Law]."  By the judgment now on appeal, Supreme Court granted plaintiffs' motion, denied defendants' cross motion, and declared that the 2007 Law "is null and void and of no force and effect with respect to the Plaintiffs['] use and variance on the acreage owned and operated by the Plaintiffs upon the ground that the Local Law is unconstitutional under the United States and New York Constitutions because it takes Plaintiffs' property without compensation and unlawfully extinguishes Plaintiffs' vested rights in their property and in the use of their property."

Initially, we agree with defendants that collateral estoppel does not apply here.  "The doctrine of collateral estoppel 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party' " (*Ridge v Gold*, 115 AD3d 1263, 1264, *appeal dismissed* 23 NY3d 1010, quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500).  The doctrine "applies only 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action' " (*City of New York v Welsbach Elec. Corp.*, 9 NY3d 124, 128; *see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455-456).  "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination" (*Kaufman*, 65 NY2d at 456; *see Ridge*, 115 AD3d at 1264).  Here, the issue in this case—the legality of the 2007 Law as applied to plaintiffs—was neither raised by the parties nor decided by the Court of Appeals in *Jones I*.  The issue before the Court of Appeals in *Jones I* was whether the 2005 Law was constitutional as applied to plaintiffs, i.e., whether the 2005 Law extinguished plaintiffs' legal use of their land for the purpose of operating a C & D landfill on the entire parcel (*see Jones I*, 15 NY3d at 145-146).  The Court of Appeals held that "*the zoning ordinance at issue in this case* [i.e., the 2005 Law], which restricted the development of landfills, does not apply to plaintiffs because they acquired a vested right to use their 50-acre parcel as a landfill for construction and demolition debris before the enactment of the zoning law" (*id.* at 142 [emphasis added]).

Although the 2005 Law and the 2007 Law both regulate landfill operations, they are not identical. The 2005 Law amended the Zoning Law to eliminate sanitary and demolition landfills as a permitted use in the AR-1 zoning district. The 2007 Law did not amend the Zoning Law to eliminate landfills in a particular zoning district but, rather, it enacted a Town-wide ban on solid waste management facilities. In concluding that the 2005 Law did not apply to plaintiffs, the Court of Appeals relied upon its decisions in *Matter of Syracuse Aggregate Corp. v Weise* (51 NY2d 278), *Buffalo Crushed Stone, Inc. v Town of Cheektowaga* (13 NY3d 88, *rearg denied* 13 NY3d 808) and *Glacial Aggregates LLC v Town of Yorkshire* (14 NY3d 127) (*Jones I*, 15 NY3d at 142). Those cases involve the nonconforming use doctrine, which shields vested property rights from the retroactive effect of zoning ordinances (*see Glacial Aggregates LLC*, 14 NY3d at 135; *Buffalo Crushed Stone, Inc.*, 13 NY3d at 97; *Syracuse Aggregate Corp.*, 51 NY2d at 284).

The 2007 Law, however, is a health and safety regulation, not a retroactive zoning ordinance (*see Goldblatt v Town of Hempstead, N.Y.*, 369 US 590, 595-597; *Town of Plattekill v Dutchess Sanitation*, 56 AD2d 150, 152, *affd* 43 NY2d 662; *cf. Matter of Serota Brown Ct. II, LLC v Town of Hempstead*, 62 AD3d 715, 716-717, *lv dismissed in part and denied in part* 13 NY3d 832, *appeal dismissed* 14 NY3d 768; *see generally Ilasi v City of Long Beach*, 38 NY2d 383, 387). Unlike the 2005 Law, the 2007 Law does not "regulate[] the location of certain facilities within particular zoning districts" but, rather, it "generally regulat[es] the operation of [solid waste management] facilities in the interest of public safety and welfare" (*Serota Brown Ct. II, LLC*, 62 AD3d at 716). It is well established that "a municipality has the authority, pursuant to its police powers, to impose conditions of operation . . . upon preexisting nonconforming uses to protect public safety and welfare" (*id.*) and "may even eliminate [a] nonconforming use provided that termination is accomplished in a reasonable fashion" (*Syracuse Aggregate Corp.*, 51 NY2d at 287; *see Town Bd. of Town of Southampton v 1320 Entertainment*, 236 AD2d 387, 388; *Moran v Village of Philmont*, 147 AD2d 230, 233-235, *appeal dismissed* 74 NY2d 943; *Dutchess Sanitation*, 56 AD2d at 152; *see generally Modjeska Sign Studios v Berle*, 43 NY2d 468, 474-475, *rearg denied* 43 NY2d 951, *appeal dismissed* 439 US 809).

We thus conclude that, because this action involves a different legislative enactment than that at issue in *Jones I*, collateral estoppel does not apply (*see Matter of Henson v City of Syracuse*, 119 AD3d 1340, 1340-1341). As the United States Supreme Court wrote in *Goldblatt* (369 US at 597), "[t]he claim that rights acquired in previous litigation are being undermined is completely unfounded. A successful defense to the imposition of one regulation does not erect a constitutional barrier to all other regulation. The first suit was brought to enforce a zoning ordinance, while the present one is to enforce a safety ordinance. In fact no relevant issues presented here were decided in the first suit." For the same reasons, we conclude that plaintiffs' request for sanctions is without basis.

Turning to the merits, we agree with defendants that the court erred in granting plaintiffs' motion because there are issues of fact precluding summary judgment on the amended complaint.  We note that the court did not address the second cause of action, alleging impairment of contracts, and that the parties have not briefed any issues related to that cause of action and therefore have abandoned any such issues (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).  With respect to the first cause of action, in order to establish a substantive due process violation in the land-use context, a party must establish both "deprivation of a vested property interest" and that the challenged governmental action was "wholly without legal justification" (*Glacial Aggregates LLC*, 14 NY3d at 136; *see Matter of Raynor v Landmark Chrysler*, 18 NY3d 48, 59; *Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 627).  Here, even assuming, arguendo, that plaintiffs established that the 2007 Law impaired their vested property rights based upon the analysis in *Jones I* (15 NY3d at 142), we conclude that plaintiffs have "failed to allege facts demonstrating that [the Town's] actions were 'wholly without legal justification' " (*Fike v Town of Webster*, 11 AD3d 888, 890, quoting *Bower*, 2 NY3d at 627; *see Raynor*, 18 NY3d at 59).  For the same reasons, plaintiffs are not entitled to summary judgment on their fifth cause of action, which asserts that the 2007 Law is unreasonable, arbitrary, and capricious (*cf. Town of Orangetown v Magee*, 88 NY2d 41, 53).

With respect to the third cause of action, which alleges that the 2007 Law takes plaintiffs' property without just compensation, we conclude that plaintiffs "did not meet their heavy burden of showing that the [2007 Law] resulted in a regulatory taking" (*Matter of VTR FV, LLC v Town of Guilderland*, 101 AD3d 1532, 1535; *see Clearwater Holding v Town of Hempstead*, 237 AD2d 400, 401, *appeal dismissed and lv dismissed* 90 NY2d 1005; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  In any event, even if the 2007 Law effected a regulatory taking, the appropriate relief would be a hearing to determine "just compensation," not a declaration that the law is invalid (*see Lingle v Chevron U.S.A. Inc.*, 544 US 528, 536-537).

Finally, because the court declared that the 2007 Law was "null and void and of no force and effect" as applied to plaintiffs, the court did not reach plaintiffs' contention that the 2007 Law was enacted without adequate environmental review in violation of SEQRA as asserted in their fourth cause of action.  We therefore remit the matter to Supreme Court for consideration of that issue, after any further briefing and motion argument that the court deems proper.

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court