Jones v Town of Carroll (2019 NY Slip Op 08040)





Jones v Town of Carroll


2019 NY Slip Op 08040


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


965 CA 19-00417

[*1]CAROL L. JONES, AS EXECUTOR OF THE ESTATE OF DONALD J. JONES, DECEASED, CAROL L. JONES, JONES-CARROLL, INC., PLAINTIFFS-RESPONDENTS, AND SEALAND WASTE LLC, PLAINTIFF-RESPONDENT-APPELLANT,
v
TOWN OF CARROLL AND TOWN BOARD OF TOWN OF CARROLL, DEFENDANTS-APPELLANTS-RESPONDENTS. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered July 26, 2018. The order denied the motion of plaintiff Sealand Waste LLC for summary judgment and denied in part the cross motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the cross motion for summary judgment dismissing the first and second causes of action in the complaint of plaintiff Sealand Waste LLC and by denying that part of the cross motion for summary judgment dismissing the claim of plaintiff Sealand Waste LLC based on alleged ethical violations by members of defendant Town Board of the Town of Carroll and reinstating that claim, and as modified the order is affirmed without costs.
Memorandum: The facts of this case are fully set forth in our decisions on the prior appeals (Jones v Town of Carroll, 32 AD3d 1216 [4th Dept 2006], lv dismissed 12 NY3d 880 [2009]; Jones v Town of Carroll [appeal No. 1], 57 AD3d 1376 [4th Dept 2008], revd 15 NY3d 139 [2010], rearg denied 15 NY3d 820 [2010] [Jones I]; Jones v Town of Carroll [appeal No. 2], 57 AD3d 1379 [4th Dept 2008] [Jones II]; Jones v Town of Carroll, 122 AD3d 1234 [4th Dept 2014], lv denied 25 NY3d 910 [2015] [Jones III]; Jones v Town of Carroll, 158 AD3d 1325, 1326 [4th Dept 2018], lv dismissed 31 NY3d 1064 [2018] [Jones IV]). Here, defendants appeal and plaintiff Sealand Waste LLC (Sealand) cross-appeals from an order that denied Sealand's motion for summary judgment seeking, inter alia, a declaration that Local Law No. 1 of 2007 (2007 Law) is illegal and null and void, and denied in part and granted in part defendants' cross motion for summary judgment dismissing Sealand's complaint.
Defendants contend on their appeal that the doctrine of estoppel against inconsistent positions, i.e., judicial estoppel, precludes plaintiffs from contending that the three remaining causes of action in the amended complaint of plaintiff Carol L. Jones, individually and as executor of the estate of Donald J. Jones, and plaintiff Jones-Carroll, Inc. (Jones plaintiffs) and the three causes of action in Sealand's complaint are still pending because, when the Jones plaintiffs were seeking leave to appeal our determination in Jones III to the Court of Appeals, they took the position that those causes of action had been finally determined. That contention lacks merit. "The doctrine of judicial estoppel provides that where a party assumes a position in a legal proceeding and succeeds in maintaining that position, that party may not subsequently assume a contrary position because [the party's] interests have changed" (Reynolds v Krebs, 143 AD3d 1256, 1256 [4th Dept 2016] [internal quotation marks omitted]). Here, although the Jones [*2]plaintiffs previously took the position that the causes of action had already been finally determined, that position did not prevail, as evinced by our determination in Jones IV (158 AD3d at 1327-1328), and thus "all of the elements of judicial estoppel are not present" (Grove v Cornell Univ., 151 AD3d 1813, 1817 [4th Dept 2017]).
We agree with defendants, however, that Supreme Court erred in denying that part of their cross motion for summary judgment dismissing the first cause of action in Sealand's complaint, which is based on allegations of a violation of substantive due process. We therefore modify the order accordingly. "[I]n order to establish a substantive due process violation in the land-use context, a party must establish both deprivation of a vested property interest' and that the challenged governmental action was wholly without legal justification' " (Jones III, 122 AD3d at 1239, quoting Glacial Aggregates LLC v Town of Yorkshire, 14 NY3d 127, 136 [2010]). Here, while the Court of Appeals has determined that the Jones plaintiffs have "a vested right to use their 50-acre parcel as a landfill for construction and demolition debris" (Jones I, 15 NY3d at 142), that is not true of Sealand. Instead, we conclude that, in their cross motion, defendants established as a matter of law that Sealand lacks the requisite vested property interest (see Schlossin v Town of Marilla, 48 AD3d 1118, 1120 [4th Dept 2008]). Sealand does not yet own the property at issue; instead, it is a potential buyer that has an agreement with the Jones plaintiffs providing access to the property to test the suitability thereof for expansion of the landfill on the entire parcel and expressing an intention to enter into contract negotiations contingent upon the success of the testing and permitting processes (see generally Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 630 [2004]).
For similar reasons, we also agree with defendants that the court erred in denying that part of their cross motion for summary judgment dismissing the second cause of action in Sealand's complaint, which alleges a taking of property without just compensation. We therefore further modify the order accordingly. "[A] property interest must exist before it may be taken' " (Matter of Gazza v New York State Dept. of Envtl. Conservation, 89 NY2d 603, 613 [1997], cert denied 522 US 803 [1997]). "Where, as here, there is nothing more than an expectancy interest, there is an insufficient basis upon which to find a takings clause violation" (Matter of Novara v Cantor Fitzgerald, LP, 20 AD3d 103, 108 [3d Dept 2005], lv denied 5 NY3d 710 [2005]; see generally Preble Aggregate v Town of Preble, 263 AD2d 849, 852 [3d Dept 1999], lv denied 94 NY2d 760 [2000]).
Sealand contends on its cross appeal that the court erred in granting that part of defendants' cross motion seeking summary judgment dismissing its claim that the 2007 Law is arbitrary and capricious based on alleged ethical violations by members of defendant Town Board of the Town of Carroll that occurred during the enactment of the law. We agree, and we therefore further modify the order accordingly. The subject claim is timely under the applicable statute of limitations period (see CPLR 217 [1]; see generally Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202-203 [1987]) inasmuch as it relates back to the Jones plaintiffs' original complaint (see Fazio Masonry, Inc. v Barry, Bette & Led Duke, Inc., 23 AD3d 748, 749 [3d Dept 2005]; see generally CPLR 203 [f]; Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono, 91 NY2d 716, 721 [1998]).
We have considered the remaining contentions raised by the parties in their briefs, and we conclude that none requires further modification or reversal of the order.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court