Jones v Town of Carroll (2024 NY Slip Op 01634)

Jones v Town of Carroll

2024 NY Slip Op 01634

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, OGDEN, AND DELCONTE, JJ.

151 CA 23-00120

[*1]CAROL L. JONES, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF DONALD J. JONES, DECEASED, JONES-CARROLL, INC., AND SEALAND WASTE LLC, PLAINTIFFS-APPELLANTS,
v
TOWN OF CARROLL AND TOWN BOARD OF TOWN OF CARROLL, DEFENDANTS-RESPONDENTS. 

BRAUTIGAM & BRAUTIGAM, LLP, FREDONIA (DARYL P. BRAUTIGAM OF COUNSEL), FOR PLAINTIFFS-APPELLANTS CAROL L. JONES, INDIVIDUALLY AND AS EXECUTOR

 Appeals from an order of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered December 9, 2022. The order dismissed three causes of action upon a nonjury verdict. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the ordering paragraphs dismissing the causes of action and granting judgment in favor of defendants as follows:
"It is ADJUDGED and DECLARED that Local Law No. 1 of 2007 of
the Town of Carroll is valid"
and as modified the order is affirmed without costs.
Memorandum: The facts and procedural history of this case are set forth in our decisions on the prior appeals (Jones v Town of Carroll, 32 AD3d 1216 [4th Dept 2006], lv dismissed 12 NY3d 880 [2009]; Jones v Town of Carroll [appeal No. 1], 57 AD3d 1376 [4th Dept 2008], revd 15 NY3d 139 [2010], rearg denied 15 NY3d 820 [2010] [Jones I]; Jones v Town of Carroll [appeal No. 2], 57 AD3d 1379 [4th Dept 2008] [Jones II]; Jones v Town of Carroll, 122 AD3d 1234 [4th Dept 2014], lv denied 25 NY3d 910 [2015] [Jones III]; Jones v Town of Carroll, 158 AD3d 1325 [4th Dept 2018], lv dismissed 31 NY3d 1064 [2018] [Jones IV]; Jones v Town of Carroll, 177 AD3d 1297 [4th Dept 2019] [Jones V]; Jones v Town of Carroll, 197 AD3d 1003 [4th Dept 2021] [Jones VI]).
As relevant to the present appeal, plaintiff Carol L. Jones and her husband, Donald J. Jones (decedent), owned property on a portion of which plaintiff Jones-Carroll, Inc. operated a construction and demolition landfill under permits obtained from the New York State Department of Environmental Conservation (DEC) (see Jones III, 122 AD3d at 1235). Plaintiff Sealand Waste LLC (Sealand) is a potential buyer of the property and had previously entered into an agreement with Jones, decedent, and Jones-Carroll, Inc. providing, among other things, that Sealand would test the suitability of the property for expansion of the landfill onto the entire parcel and then enter into contract negotiations to purchase the property. Sealand thereafter [*2]applied for a DEC permit for the proposed expansion and was denied a requested federal permit as a result of Local Law No. 1 of 2007 (2007 Law). The 2007 Law had been enacted by defendants and banned the operation of any solid waste management facility in defendant Town of Carroll (Town), but exempted, inter alia, such a facility then in operation pursuant to a permit issued by the DEC under the current terms and conditions of the existing operating permit (see Jones III, 122 AD3d at 1235-1236). Jones, decedent, and Jones-Carroll, Inc. commenced this action seeking, inter alia, a judgment declaring that the 2007 Law is invalid on the bases that it violates substantive due process and is arbitrary and capricious. Sealand was granted status as an intervenor (see Jones IV, 158 AD3d at 1328). In 2022, the case proceeded to a bench trial on the causes of action asserting that the 2007 Law violates substantive due process and is arbitrary and capricious. At the close of trial, Supreme Court determined that plaintiffs had failed to prove their causes of action and dismissed them with prejudice. Plaintiffs appeal.
Where, as here, the appeal follows a nonjury trial, "the Appellate Division has 'authority . . . as broad as that of the trial court . . . and . . . may render the judgment it finds warranted by the facts' " (Sweetman v Suhr, 159 AD3d 1614, 1615 [4th Dept 2018], lv denied 31 NY3d 913 [2018], quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; see Buchmann v State of New York, 214 AD3d 1412, 1413 [4th Dept 2023]). "Nonetheless, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (Unger v Ganci [appeal No. 2], 200 AD3d 1604, 1605 [4th Dept 2021] [internal quotation marks omitted]; see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993]; Davis v Hinds, 215 AD3d 1242, 1243 [4th Dept 2023]). Moreover, when conducting such a review, we must view the record "in the light most favorable to sustain the judgment" (Farace v State of New York, 266 AD2d 870, 871 [4th Dept 1999]; see A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1286 [4th Dept 2014]). Upon conducting that review, we conclude that there is a fair interpretation of the evidence supporting the court's well-reasoned determinations. We have considered plaintiffs' specific contentions, and we conclude that they do not require a different result.
Although we do not disturb the court's determination of the merits, we note that the court erred in dismissing the causes of action seeking declaratory judgment and should instead have made a declaration of the parties' rights (see Pless v Town of Royalton, 185 AD2d 659, 660 [4th Dept 1992], affd 81 NY2d 1047 [1993]; Hirsch v Lindor Realty Corp., 63 NY2d 878, 881 [1984]; Schlossin v Town of Marilla, 48 AD3d 1118, 1119 [4th Dept 2008]). We therefore modify the order accordingly.
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court